1815.

TUPPER
v.
POWELL.

———◦✳◦———

### TUPPER AND ANOTHER *against* POWELL AND OTHERS.

*June* 19th.

This court will not aid a plea of *usury*, at law, by compelling a discovery, unless the debtor, in his bill, tenders the sum actually borrowed, with the lawful interest. He must first do what is equitable on his part, before he can ask the assistance of a court of equity.

THE bill stated, that the plaintiffs applied to *Powell*, one of the defendants, to borrow 500 dollars, on a note for that sum, payable in 60 days, made by one of the plaintiffs, and

endorsed by the other; that *Powell* agreed to discount the note, and gave the plaintiffs 400 dollars, in money, and a quantity of indigo, amounting to 70 dollars, retaining the residue, or 30 dollars, as discount. That when the note became due, the plaintiff, in order to obtain a delay of payment, made and endorsed two other notes, for two hundred dollars each, payable sixty days after date, which notes, and 120 dollars in cash, they gave the defendants, who, thereupon, delivered up the note for 500 dollars, thereby receiving another sum beyond lawful interest. That the defendants have brought actions at law, on the two notes, against the plaintiffs, who prayed for an injunction to stay the suits at law, and for a discovery of the usury charged in the bill, and for relief generally.

The defendants demurred to the bill, 1. Because the bill sought a discovery, from the defendants, of certain usurious transactions charged, and to be relieved against the notes, without offering to pay what appeared, by the bill, to be due for principal and legal interest.

2. That the bill seeks a discovery of matters which, if true, would subject the defendants to a forfeiture of the money due for principal and legal interest.

3. That the bill was informal, in not showing that the court had jurisdiction, or that the discovery was necessary, or useful, to the defendants, for their defence against the suits at law.

4. That the bill contained no equity, &c.

*Riggs,* in support of the demurrer.

*T. A. Emmet,* contra.

THE CHANCELLOR. This bill must be dismissed, on the ground that the plaintiffs do not tender the sum really borrowed, with the lawful interest. This court will not aid a plea of usury, at law, by compelling a discovery, unless the

debtor will first do what is equitable, on his part. The case of *Rogers* v. *Rathbun** is in point; and the *fourth* section of the statute against usury, requiring a discovery in certain cases, does not apply to a case like the present.

* *Ante*, p. 363.

Bill dismissed, with costs.