COOPER and STAINES, Complainants, Appellees,

*vs.*

EDWARD A. TAPPAN, Defendant, Appellant.

APPEAL IN EQUITY FROM DANE CIRCUIT COURT.

An order dissolving or continuing an injunction is a proper subject of appeal.

Whether the defendant appeals from an order denying his motion to dissolve an injunction granted in vacation, or from an order of the court continuing an injunction so granted, the relief to which he may be entitled is the same.

Section 99 of chapter 84 of Revised Statutes construed.

Upon application for an injunction to stay proceedings at law in personal actions after judgment, the complainant is required, either to deposit a sum of money equal to the amount of such judgment and costs, *and* in *addition* a bond in sufficient sum conditioned for the payment of all such damages and costs as may be awarded, or to execute, in lieu of the deposit of money, a bond in sufficient sum conditioned to pay the amount of the judgment, &c., *and* another bond conditioned to pay the damages and costs which may be awarded.

A written contract cannot be varied or explained by any parol argreements or understandings, at the time of making the same, and this rule applies as well in equity as at law.

Under the provisions of chapter 172 of the Sess. Laws of 1851, the complainant in a bill for relief against an usurious contract, cannot be required to deposit, or tender, or in his bill offer to pay the principal sum, or any part thereof, as a condition for granting relief.

THE complainants filed their bill in the Circuit Court of Dane county, the object and prayer of which were to restrain the defendant from the collection of a judgment at law, recovered against them by the defendant for some $2,100.

On application to the judge of the circuit in March, 1855, in vacation, a temporary injunction was allowed, and the defendant was ordered to show cause at the next regular term of the circuit, why "a general injunction should not issue in said cause, as prayed for in said bill." The temporary injunction was allowed, upon the complainants filing a bond in the sum of $2,100, conditioned to pay the amount of the judgment sought to be restrained; and also another bond in the sum of $500, conditioned to pay the damages, &c., as provided by section 99 of chapter 84 of the Revised Statutes.

On the 3d day of May following, during the April term, Tappan, the defendant, filed his answer, and a motion for the dissolution of the injunction, for the several reasons therein mentioned.

After the hearing of this motion, the court denied the same, and ordered that the injunction be continued until further order. The defendant appealed.

The material allegations of the bill and answer are stated in the opinion of the court.

*Remington & Johnson*, for the complainants.

*T. Hood*, for the defendant.

*By the Court*, WHITON, C. J. It is not, perhaps, entirely clear, whether the appeal in this case is from the order made by the court below overruling the motion to dissolve the injunction, or from the order continuing it in force. It is contended on the part of the appellees that it is from the latter, and that no appeal will be entertained, by this court, from such an order.

The reason given to show that an appeal will not lie from an order of this description, is, that when, as in this case, an injunction is allowed in vacation, *ex parte*, it expires by force of Rule 50, of the Circuit Court Rules in Equity, at the close of the next succeeding term of the court, unless it is continued in force by order of the court, and that as the motion which was made to dissolve the injunction was denied, and the order denying the motion was not appealed from, the order continuing the injunction was an order of course, and not the proper subject of an appeal.

It is argued that if the order denying the motion to dissolve the injunction was correct, the order to continue it should not have been refused by the court; and that the order to continue must be correct, while the order denying the motion to dissolve is in full force. Hence it is contended by the appellees, that the appellant has mistaken his remedy by appealing from the wrong order, or rather has lost his right to appeal, by neglecting to appeal from the order denying his motion to dissolve the injunction.

We do not think that this is a correct view of the matter.

An injunction which ought to be dissolved, certainly ought not to be continued in force by order of the court; and we do not see but such an order can be appealed from, as well as any other interlocutory order. Nor do we see but that the appellant can obtain the same measure of relief by an appeal from such an order, as from one which denied his motion to dissolve the injunction. For, if the order continuing the injunction in force should be reversed, the injunction would cease to have any effect by force of rule No. 50 of the Circuit Court, above alluded to.

We therefore think that the questions presented to this court are the same, whether we regard this as an appeal from one or the other of the orders in question; and the view which we have taken of the matter renders it unnecessary to decide which one is really the subject of this appeal.

We are therefore brought to a consideration of the bill of complaint and the answer.

The bill alleges that the complainants purchased of the defendant, on the 10th day of January, 1855, a quantity of goods, for which they agreed to pay him the sum of $2,000, in two years from the date of the purchase; that the complainants executed a note to the defendant for the said sum of $2,000, and in order to make the defendant more secure, in case the complainants should become embarrassed, or be in failing circumstances before the expiration of the said two years, the complainants made the note payable one day after date, and executed a warrant of attorney for confessing judgment upon said note after it should become due; that it was expressly agreed by the complainants and defendant at the time the note and warrant of attorney were executed, that the said defendant should not cause a judgment to be entered " until after the expiration of the said two years, unless as aforesaid ;" that for the payment of interest upon said note, during the said two years, over and above the interest which appeared to be due upon the face of the note, the complainants made to the defendants, four other notes bearing date on the said 10th day of January, 1855, each for the sum of $250, payable, one in six months, one in twelve months, one in eighteen months, and one in two years; that the defendant, in violation of his agreement above set forth, caused a judgment by

confession to be entered up in the Dane Circuit Court upon said note on the 26th day of March, 1855, for the sum of $2,027.22 besides the costs; that the complainants had been doing a profitable business since the date of said note first mentioned, and have not at any time been embarrassed with debts or otherwise, and have not been in failing circumstances.

The bill charges that the note upon which the judgment was obtained, is usurious and void, for the reason that there was agreed to be reserved and taken, a greater sum than twelve per cent. per annum, for the use and forbearance of the sum of money mentioned in said note, which greater sum was so agreed and reserved to be taken by the making of the said other notes and delivering the same by said complainants to the defendant. The bill prays for an injunction to restrain the defendant from proceeding further upon the judgment, and that the same may be declared null and void.

The answer denies that the complainants purchased goods of the defendant, for which they agreed to pay $2,000 in two years, but alleges that the defendant and Staines, one of the complainants, had been engaged in the mercantile business as partners, under the name and style of Edward A. Tappan & Co., and that it was agreed between them that the business of the firm should be closed, and that the property and effects of the firm should be converted into money, and applied in payment of the debts; that on the 10th day of January, 1855, the partnership of Edward A. Tappan & Co. was dissolved, and that of Staines & Cooper was formed; that at that time it was agreed by Staines and the defendant, that the latter should take all the property of the former firm, and apply it in the payment of the debts—which arrangement was well understood by Cooper; that it was then believed by all the parties that the property of the firm could be converted into money in time to pay the debts, and that after paying the debts, there would remain the sum of $2,000, which would be due to the defendant as his portion of the property; that it was agreed by all the parties that the defendant should leave with the new firm $2,000, of the assets of the firm of Edward A. Tappan & Co., which were to remain with the complainants upon the condition that if the defendant should require the said sum of $2,000, or any part thereof, for the pur-

pose of paying the debts of the former firm, it should be immediately collected by him to be so applied; and upon the further condition that if the complainants should mismanage their business, or should become embarrassed with debts, or if the defendant should be apprehensive that there was danger of losing the said sum of $2,000, that then the complainants should return said sum; that the defendant did leave with the complainants the sum of $2,000 in the property of the former firm, for which the complainants gave their note to the defendant on the 10th of January, 1855, payable one day after date, and also executed a warrant of attorney, whereby they intended fully to authorize the defendant to enter judgment on the note after the same should become due, if, in the judgment of the defendant, from any of the causes stated, it should be necessary or proper for him to enter the judgment; that immediately after the 10th day of January, 1855, the defendant set himself to work to collect from debts due the former firm, as well as from other means, an amount sufficient to pay the debts, with the view of applying all the money so collected to the payment of said debts, and prosecuted his efforts till he became satisfied that said firm had not property that could be made available, sufficient to pay the debts; that since the dissolution of the partnership, the creditors of the firm have been demanding immediate payment of debts by said firm, and the defendant has been greatly harassed by their repeated importunities for payment; that it is true that the defendant has caused a judgment to be entered as charged in the bill, but that before the judgment was entered, he notified the complainant Staines that it would be necessary to withdraw the amount left in the hands of Staines & Cooper, in order to meet the demands of the creditors of the firm of Edward A. Tappan & Co., but that the complainants made no effort to pay the note and relieve the defendant from his embarrassments; that the defendant has no knowledge of the pecuniary condition of the complainants, but states upon information and belief, that they are largely in debt and embarrassed, and have extended their business greatly beyond the limits which ordinary prudence would dictate, since the making of the note, and have also permitted their notes to be dishonored and protested, and are in failing circumstances; that it is not true as alleged in the bill, that at the time of the

making of the note for $2,000, it was agreed that in consideration that the defendant would not cause a judgment to be entered on said note until after the expiration of two years, and for the payment of interest on said note, during said two years, over and above the interest which should appear to be due on the face of the note, the complainants made to the defendant four other notes, each for the sum of $250, payable in six, twelve, eighteen and twenty-four months; but that as a further understanding in reference to said $2,000, it was agreed by and between the complainants and the defendant, that in case the defendant could let the said $2,000 remain with the complainants, as he had hoped he could do, that for the time it should so remain, the defendant was to be a partner of the said complainants, in which event, they, the said complainants, computed that portion of the net profits arising from the said business, and coming to the defendant, at $250 for each and every six months such partnership should continue between the complainants and the defendant, and arranged the notes as to time and amount, and tendered the same to the defendant, who received them with the express understanding that in case the defendant could let the said $2,000 remain with the complainants, he was to be a partner, but that if he did not, and could not let the said $2,000 remain with the complainants, the said four notes should be canceled and returned to the complainants without payment, or other consideration from the complainants; that the defendant now has, and has always kept said notes, and has been ready and willing to return them to the complainants on request, and now brings them into court to be canceled and returned to the complainants, or destroyed, as the court may direct; that the defendant does not now, nor ever has claimed any right to, or property in them, although he received them in good faith, not as interest, or in consideration of forbearance to sue the complainants, or otherwise, as stated in said bill, but as profits on his supposed investment of capital as partner, as before stated; that the defendant therefore denies that he contracted, or intended to contract, for any usurious interest, and expressly states, that he has received no such interest, or any interest whatever, on said two thousand dollars; that when the judgment was rendered against the complainants,

the interest on said note was computed at *seven per cent. per annum* after the note, by its terms, became due.

The appellant contends that the injunction was not properly allowed in the first instance, and of course ought to have been dissolved.

The first reason given to show that the injunction was improperly allowed, is, that no deposit of money was required of the complainants, as provided by the statute. *Rev. Sts. ch.* 84, §§ 97, 99, 104, 105. The substance of the provisions contained in these sections of the Revised Statutes, is such as to require, in all cases where an injunction is granted to stay proceedings at law after judgment in personal actions, a deposit of the sum for which the judgment was rendered, and the execution of a bond to the plaintiff in such sum as the officer allowing the injunction shall direct, conditioned for the payment of such damages and costs as may be awarded at the final hearing of the cause, or, a bond in lieu of the deposit, in addition to the one last above mentioned ; or a bond conditioned for the payment of the judgment, and also for the payment of the damages and costs, in which case the bond is to be executed by at least two sureties. The provisions contained in the sections of the Revised Statutes above referred to, do not, perhaps, in all respects harmonize ; but the conclusion at which we have arrived, in the construction which we have given to them, seems on the whole to be better calculated to carry out the intentions of the legislature, than any other which can be put upon them.

The order for the preliminary injunction was made on condition that the complainants should first execute a bond to the defendant in the sum of $2,100, conditioned to pay the judgment which was enjoined, and also a bond in the sum of $500, conditioned to pay the damages as provided in section 99 of the Revised Statutes, above referred to.

We think that the order was correct so far as it related to the security to be given in order to obtain the injunction ; we are therefore brought to the consideration of another objection made by the appellant, and that is, that one of the bonds which was in fact given, did not conform to the order of the judge. The deviation consists in omitting from the bond any penalty, while

Cooper and Staines vs. Tappan.

the order of the judge directs that the bond shall be given in the sum of $500.

We think that we are relieved from the necessity of deciding what the effect of the omission would be, by the fact that a new bond, which conforms to the order made by the judge, was afterwards filed in the case.

This brings us to the consideration of the main objections made by the appellants to the order of the court below, which are, 1st: that the bill discloses no equity, and 2d, that if we should be of opinion that upon the case made by the bill, the complainants are entitled to relief, the answer fully denies the material allegations of the bill.

We do not think that either of the positions taken by the appellant can be sustained. The bill sets up a parol agreement made by the complainants and the defendant, by which the note which was given by the former to the latter should not be the subject of legal proceedings to enforce its collection for two years, unless the complainants became embarrassed, and were in failing circumstances, while the note by its terms was payable in one day after date; in other words, the bill sets up a parol agreement, made at the time when the note was signed, which materially varies its import and changes its character. To this part of the bill the objection of the appellant is well taken. The principle that a party to a written contract, cannot vary or control it by a parol agreement, madé before the written contract was entered into, or simultaneously with it, is too well settled to require the citation of any authorities to support it. But the bill clearly alleges that when the note was signed, an usurious contract was made by which the defendant reserved a greater rate of interest upon the note, than the maximum allowed by the statute (*Sess. L.* 1851, *chap.* 172); and that this was done by the making of the other notes described in the bill. The statute above cited makes contracts of this nature void, and provides that no court of equity shall " require or compel the payment or deposit of the principal sum or any part thereof, as a condition of granting relief to the borrower, in any case of usurious loan forbidden by this act."

Before the enactment of this statute, according to the settled practice of courts of equity, no relief would be granted to a

party complainant, except upon the equitable terms or condition that he would pay to the defendant the sum which was equitably due, although the statute provided that all bonds, notes or other contracts or securities wherein or whereby a greater rate of interest was reserved or taken than the statute allowed, should be void, and although the bill of complaint alleged that the contract against which relief was prayed, was of that character. *Tupper vs. Powell*, 1 *Johns. Ch. Rep.* 439 ; *Fanning vs. Dunham*, 5 *id.* 122. But we think that this subject is within the control of the legislature, and that, since the passage of the act above referred to, courts of equity in this state, are compelled to grant relief against such contracts in the manner which the statute prescribes. *Livingston vs. Harris et al.*, 3 *Paige*, 528. We do not, therefore, see how a bill which sets up such a contract, and prays for relief against it, can be defective for want of equity, although it does not contain an offer to pay the sum equitably due. We must therefore hold that the first objection taken by the appellant to the bill, cannot be sustained ; nor do we think that the answer of the defendant so fully denies the allegation of usury contained in the bill as to warrant the dissolution of the injunction.

Upon this part of the case we cannot express our opinion fully without, perhaps, prejudicing the rights of the parties in the subsequent prosecution or defence of the suit. We, therefore, will only say, that the allegation of usury contained in the bill, is not so fully and satisfactorily denied, and with such circumstances of credibility, as to justify the dissolution of the injunction. 1 *Bland R.* 194 ; 2 *Johns. Ch. R.* 202 ; 3 *Sumner R.* 70.

As the statutes of the state of New York are similar to ours, we were referred, at the argument, to the case of *Livingston vs. Harris et al.* (3 *Paige*, 528), to show that the injunction in this case was improperly allowed, for the reason that the bill does not waive the penalty which the statute imposes in cases of this nature. In the case above referred to, the bill stated that an action at law had been brought by the defendant (Harris) against the complainant and the other defendant on a joint and several note, which the complainant had signed as surety, and which he had subsequently discovered was given to secure a usurious loan. The bill prayed for a discovery ; that the note might be delivered

Cooper and Staines vs. Tappan.

up to be canceled; and for an injunction to stay the proceedings at law.

The court held, that inasmuch as the bill did not contain an offer to pay the sum which was equitably due, but insisted upon the penalty which the statute imposed, the complainant was not entitled to any discovery from the defendant. It was held, that to compel the defendant to discover as to the usury, would be to compel him to answer as to matters which might subject him to a forfeiture, and that it would be inconsistent with the spirit of the constitution to compel a party to be a witness against himself in such a case. It was also held, that the complainant was not entitled to relief, because he "had a perfect defence at law, if he could establish the fact of usury without a discovery from the defendant." The injunction was therefore dissolved.

The difference between this case and the one before us is very apparent. Here a judgment has been recovered, and the only adequate relief to be obtained is by application to a court of equity.

The bill must, therefore, be sustained, as a bill for relief, even admitting that the complainants were not entitled to the discovery which they sought, if it sets up facts which warrant the interference of a court of equity, and upon this subject we have already expressed our opinion. The defendant could not, perhaps, have been compelled to answer that part of the bill which sought a discovery of the alleged usury, but if the usury can be established by other legal testimony, we do not see why the complainants are not entitled to the relief prayed for in the bill.

The order of the Circuit Court must, therefore, be affirmed.