CYRUS D. B. EISEMAN AND EDWIN GIDDINGS, APPEL-LEES, V. E. F. GALLAGHER AND HUGH J. GALLA-GHER, APPELLANTS.

1. Real Estate: DEED: MORTGAGE. Where an absolute deed is given to secure a loan, it will be treated as a mortgage.

2. ————: BONA FIDE PURCHASER: REDEMPTION. Where certain real estate was conveyed to one E. F. G., by an absolute deed, and by E. F. G. to his brother, H. J. G., the origina deed being in fact a mortgage, *Held*, 1st, That H. J. G. had notice of sufficient facts to put him upon inquiry, and that he was not a *bona fide* purchaser. 2d, That the plaintiffs were entitled to redeem, upon paying the amount of the loan with interest.

3. Usury. Where a borrower goes into a court of equity to seek relief from an usurious contract, he must tender the amount of the principal and lawful interest, and it is the duty of the court in granting relief to render a decree for the actual amount of the loan, with 7 per cent interest thereon.

APPEAL from the district court of Holt county. Heard below before TIFFANY, J.

*Thomas O'Day* and *H. M. Uttley,* for appellants.

*Cleveland & Meals,* for appellees.

MAXWELL, J.

This action was brought in the district court of Holt county, by Eiseman et al., appellees, to cancel a warranty

deed made by Eiseman and Giddings to E. F. Gallagher; also to have a warranty deed from E. F. Gallagher to Hugh J. Gallagher set aside, and to compel a reconveyance of the property to appellees, on the payment of $788.35, which they allege was a loan. The theory of appellees is, that this deed was given as a mortgage, and they plead usury as to the balance of the consideration named in the bond or a reconveyance of the property. They also plead a bond for reconveyance.

The defendant, E. F. Gallagher, prior to the commencement of this action, had conveyed the premises to the co-defendant, Hugh J. Gallagher, and files a demurrer to appellees' petition. Hugh J. Gallagher answered the petition, and denies that the deed from appellees to E. F. Gallagher is a mortgage, and also pleads affirmatively that he purchased the property from E. F. Gallagher, at the fair cash value of the property, and that the same was free from all incumbrances of record, and he had no notice of appellees' claim; and that in fact the transaction between appellees and E. F. Gallagher was a *bona fide* sale. Issues were joined, and on the trial a decree was rendered as follows: "And the court having heard the evidence and the allegations of the parties and the arguments of counsel, and being fully advised in the premises, does find: That the deed of conveyance described in said petition of the plaintiffs, signed by C. D. B. Eiseman, Edwin Giddings, and Lydia Giddings, transferring lot No. 16, in block No. 17, in the town of O'Neill, county of Holt, and state of Nebraska, as the same appears on record in the recorded plat of said village of O'Neill, in the county clerk's office, to E. F. Gallagher, was given as a mortgage to secure the payment of a note for $900, which note was given for borrowed money which the said plaintiffs borrowed from the said defendant, E. F. Gallagher, and that the plaintiffs are indebted to the defendant, E. F. Gallagher, on said note the sum of $795, and that the balance of the $900

for which said note was given, and which said deed was given as security for, was usurious interest, and that the deed of conveyance described in said petition of plaintiffs, signed by E. F. Gallagher, conveying said lot 16, in block 17, in the village of O'Neill, in the county of Holt, and state of Nebraska, to Hugh J. Gallagher, was fraudulent and void, and that the said Hugh J. Gallagher had notice of the fact that said deed from plaintiffs and Lydia Giddings to said E. F. Gallagher was intended between the plaintiffs herein and the defendant, E. F. Gallagher, as a mortgage, and was given for the purpose of securing said loan of money as aforesaid, and that the same was never recorded as required by law. It is therefore ordered, adjudged, and decreed that the plaintiffs, Cyrus D. B. Eiseman and Edwin Giddings, pay to the defendant, E. F. Gallagher, the sum of $795.05, or pay that amount into court for him within ten days; and that said E. F. Gallagher do, within 20 days from the date of this decree, convey the premises in the petition described to the said C. D. B. Eiseman and Edwin Giddings, by a good and sufficient deed with covenants of warranty against his own acts, and in default thereof that this judgment have the operation and effect of such deed.

The defendants appeal.

The testimony clearly shows that the deed from the plaintiff to E. F. Gallagher was intended as a mortgage. The finding of the court, therefore, in that regard, is correct. Hugh J. Gallagher claims to have paid E. F. Gallagher $1,200 for the lot in question, and the appellants insist that if the plaintiffs redeem they should pay the sum of $1,200, with interest thereon. If Hugh J. Gallagher was a *bona fide* purchaser, the rule contended for would be applied, but sufficient facts and circumstances were known to him either actually, or such as to make him chargeable with notice. He is not a *bona fide* purchaser, therefore, and holds the land subject to the plaint-

6

iffs' right of redemption.    If Hugh J. Gallagher in his answer had sought affirmative relief against his co-defendant, E. F. Gallagher, the court would have rendered a proper decree in the premises, but as no such relief is sought, the court did not err in holding that the plaintiffs were not required to pay Hugh J. Gallagher $1,200, with interest.    The court below seems to have found that there was usury in the transaction, and therefore refused to allow the defendants any interest on the loan.    In this we think the court erred.    The rule is, that if the lender goes into court to enforce the contract, the defendant may set up the defense of usury without a tender of the amount due.    Where, however, a borrower goes into a court of equity to obtain relief against the usurious contract, he must offer to pay what is really and *bona fide* due to the lender.    Story Eq. Jur., Sec. 301.

In *Rogers v. Rathbun*, 1 Johns. Ch., 368, the chancellor says: "It is a settled principle, that he who seeks equity must do equity; and if the borrower comes into this court for relief against his usurious contract, he must do what is right as between the parties, by bringing into court the money actually advanced, with the legal interest, and then the court will lend him its aid as against the usurious excess. To compel a discovery without such offer, would be against the fundamental doctrine of this court, which will not force a discovery that is to lead to a forfeiture. *Bosanquet v. Dashwood*, Cases Temp., Talbot, 38.    *Fritzroy v. Gwillim*, 1 Term Rep., 153.    Viner, Tit. Usury, 315.    *Channey v. Tahourden*, 2 Atk., 393.    *Earl of Suffolk v. Green*, 1 Atk., 450." See also *Tupper v. Powell*, 1 Johns. Ch., 439.    *Morgan v. Schermerhorn*, 1 Paige Ch., 543.

The statute of New York was changed, after the decision last cited, so as to relieve the borrower without tendering back either the principal or interest.    Cases decided under that statute, therefore, are not applicable.

It was the duty of the borrower to tender the principal

and lawful interest. It was the duty of the court to require the payment of both principal and lawful interest.

The cause is remanded to the district court, with directions to allow interest at 7 per cent upon the amount of the loan as found in the decree, and as thus modified the decree is affirmed.

DECREE AFFIRMED.

THE other judges concur.