## DRAPER and others vs. EMERSON.

USURY: *By whom it may set up—Sec.* 6, *chap.* 160, *Laws of* 1859.

1. The remedy provided in case of usury by sec. 6, chap. 160, Laws of 1859, is limited to the person actually borrowing the money, etc., and those standing in his place in a representative capacity, as heirs-at-law, sureties, devisees, executors and administrators.
2. Any other person seeking to avoid a contract under that act, could do so only by paying or tendering the sum actually loaned, with lawful interest.

APPEAL from the Circuit Court for *Brown* County.

Action to avoid for usury certain mortgages executed to *Emerson* by one Platt, in June and November, 1859. Plaintiffs claim to own the mortgaged premises as purchasers at judicial sales of Platt's interest. The complaint did not aver payment or tender of any part of the sums which the mortgages were given to secure. An injunctional order was granted, restraining *Emerson*, until final judgment in the action, from foreclosing the equity of redemption and selling the land by advertisement. *Emerson* moved to dissolve the injunction, on the ground that the complaint was insufficient; and appealed from an order denying his motion.

*Matt. H. Carpenter*, for appellant:

Where no statute intervenes, an offer to pay the principal and lawful interest is a condition to obtaining equitable relief against a usurious contract. *Fanning v. Dunham*, 5 Johns. Ch., 122; *Campbell v. Morrison*, 7 Paige, 157; *Livingston v. Harris*, 3 id., 528; *Dole v. Northrop*, 19 Wis., 252. Chapter 160, Laws of 1859, being a highly penal statute, must be strictly construed. *Dole v. Northrup, supra;* Dwarris on Stat., 736; *Jones v. Estes*, 2 Johns., 379; *United States v. Wiltberger*, 5 Wheat., 76. By section 6, the principle above stated is set aside in the single instance mentioned, that of a suit commenced by the *borrower*. These plaintiffs cannot maintain the action without offering to pay principal and lawful interest. *Post v. Bank of Utica*, 7 Hill, 394; *Slosson v. Duff*, 1 Barb., 432; *Billington v. Wagoner*, 33 N. Y., 34. Our statute of 1859, substantially copied from that of New York, which had previously received judicial construction in that state, must receive the same construction.

*E. H. Ellis & Hastings*, for respondent, contended that even if he was bound to *prove* a tender at the trial, it was not necessary to *plead* such tender. 1. A party seeking to avoid a tax sale for an excess, is required to pay the amount

justly due as a condition upon which the relief will be granted, yet is not obliged to pay or offer to pay the same as a condition precedent to maintaining his suit. *Pierce v. Schutt*, 20 Wis., 423, and cases there cited. 2. Section 2, chap. 55, Laws of 1856 (sec. 6, chap. 61, R. S.), makes the same requirement as the old equity rule, and its demand is the same of a plaintiff seeking relief and a defendant setting up a plea. "Whenever any person shall *apply * * to be relieved* in a case of usurious contract, * * or shall *set up the plea* of usury in any action or suit instituted against him, such person, *to be entitled to such relief or the benefit of such* plea, shall prove a tender of the principal sum of money," etc. That this does not require a tender to be pleaded is the settled doctrine of this court. *Platt v. Robinson*, 10 Wis., 133; *Root v. Pinney*, 11 id., 87; *Simonton v. Vail*, id., 90; *Moyer v. Gunn*, 12 Wis., 387; *Towslee v. Durkee*, id., 489.

Dixon, C. J. The case of *Platt v. Robinson*, 10 Wis., 133, and others following, cited by counsel for respondents, stood upon the peculiar phraseology of the statute, sec. 2, chap. 55, Laws of 1856. The repeal of that section, and the substitution of sec. 6, chap. 160, Laws of 1859, evinced an intention on the part of the legislature to change the rule. Section 6, last cited, was adopted from New York, in which state it had received a well settled judicial construction, which was, that the remedy given by it was limited to the person actually borrowing the money, etc., and to those standing in his place in a representative capacity, as heirs-at-law, sureties, devisees, executors and administrators. Any other person seeking to avoid the contract on the ground of usury, could do so only by paying, or offering to pay, the sum actually loaned, with lawful interest; and if such person filed his bill in equity for relief against the contract, he must aver such payment or offer to pay according to the

established practice of the court, or his bill was demurrable. See *Post v. The President, etc., of the Utica Bank*, 7 Hill, 391, and other cases cited by counsel for appellant. It is a settled rule in the construction of statutes, that where a statute has received a judicial construction in another state, and is then adopted, it is taken with the construction which has been so given to it. Such is the presumed intention of the legislature. We have no doubt that this is a case within the general rule in equity, and that the complaint is defective in not averring either a payment or an offer to pay the principal sums loaned, with legal interest.

The motion to dissolve the injunction for insufficiency of the complaint, should have been granted.

*By the Court.*—Order reversed.