RIETZ and others vs FOESTE and another.

USURY: (1) *When tender required of principal and lawful interest.* (2) *Statute of, strictly construed.*

1. In an action to have adjudged void and cancelled, a contract executed under the usury law of 1859, a complaint which does not aver payment or tender, nor offer to pay the principal sum loaned and lawful interest, is bad. Otherwise if the action is only for a discovery of the usury. Laws of 1859, ch. 160, sec. 6.
2. The statute being highly penal, must be strictly construed. And such construction is the more readily adopted in view of the change in the legislative policy concerning usury, indicated by chapter 93, Laws of 1871, and ch. 157, Laws of 1871.

APPEAL from the Circuit Court for *Sheboygan* County.

Plaintiffs appealed from an order sustaining defendants' demurrer to the complaint. The facts appear in the opinion.

*Conrad Kres*, for appellants, argued, among other things, that section 6 of the act of 1859, by which courts are prohibited from demanding payment of principal, was not repealed by the act of 1871. The non-repeal of said section shows the intent of the legislature that the act of 1871 should not be retro-active. Nor is said section 6 repealed by chapter 157, Laws of 1872, neither the law of 1871 nor of 1872 being retrospective. The right of action in this case is independent of the provisions of section 8 of chapter 160, Laws of 1859, but it flows out of the invalidity of the contract, and is identical with the right of action recognized in *Burhop v. City of Milwaukee*, 18 Wis., 431; *Burhop v. Roosevelt*, 20 Wis., 338. A law compelling a tender of principal in a case of usury, arising under a law prohibiting courts to impose the payment of principal as a condition of granting relief, would, in fact, oblige a party to purchase justice and would be unconstitutional. Constitution of Wis., Art. I, sec. 9.

*B. Williams*, for respondents, argued that the statute of 1859, being copied from the New York statutes, this state adopted the decisions of the New York courts construing the original statute. The statute of New York, 1 R. L. 64, did not prescribe any terms upon which relief should be given in equity in cases of usury. 11 Wend., 331. Under this statute, the New York courts held that when a bill was filed to avoid usurious securities, it must tender the amount loaned as a condition of relief. 5 Johns. Ch., 122–139; 11 Wend., 333.

COLE, J. The object of this action is to have a note and mortgage mentioned in the complaint declared void for usury, and cancelled, and also to compel the defendants to re-assign certain policies of insurance held as collateral security for the payment of the usurious loan. The alleged usurious contract

was made, and securities given, in December, 1868, while the provisions of chapter .160, Laws of 1859, were in force. The action was commenced in May, 1871, after the repeal of sections four and eight of that chapter by the enactment of the law of 1871 (chap. 93, Laws of 1871). The complaint is demurred to on various grounds, only one of which will be considered on this appeal. The second ground of demurrer is, that the complaint fails to state a cause of action in this, that it nowhere contains any allegation of the payment of the money due and actually loaned, nor any allegation of a tender or offer to pay the principal sum loaned and lawful interest. Such an allegation, it is said, is indispensible in a complaint to set aside and cancel the usurious contract, and the circuit court so held, and sustained the demurrer on that ground.

The rule in equity is well settled, that if the borrower files his bill seeking relief against a usurious contract, the only terms upon which the court will interfere, are, that the plaintiff will pay the defendant what is really and *bona fide* due to him, deducting the usurious interest; and if the plaintiff do not make such an offer in his bill, the defendant may demur to it, and the bill will be dismissed. 1 Story Eq. Jur., § 301; *Hunkle v. Royal Exchange Assurance Company*, 1 Vesey Sen., 328; *Scott v. Nesbit*, 2 Bro. C. C., 641; *Mason v. Gardiner*, 4 id., 436; *Ex parte Scrivener*, 3 Ves. & Beam., 14; *Rogers v. Rathbun*, 1 Johns. Ch., 366; *Fanning v. Dunham*, 5 id., 122; *Livingston v. Harris*, 3 Paige, 528; *S. C.*, 11 Wend., 329; *Post v. The President of the Bank of Utica*, 7 Hill, 391; *Draper v. Emerson*, 22 Wis., 147.

Mr. Justice STORY states the reason of this rule in the section above referred to, that a court of equity was not positively bound to interfere in such cases by an active exertion of its powers, but had a discretion on the subject, and therefore might prescribe the terms of its interference, and require him who seeks equity at its hands to first do equity, by paying or offering to pay what is justly due the lender. Section 6, chap. 160,

Laws of 1859, changed this rule in a certain class of cases, by providing that whenever the borrower should commence *an action for the discovery of the usury*, it should not be necessary for him to pay or offer to pay any interest, nor should the court require or compel the payment or deposit of the principal sum as a condition of granting relief. It will be observed, however, that this section only dispenses with the payment of the interest and principal sum actually lent where the bill is filed *for discovery*, and does not extend, like the New York statute, to bills filed *for relief* as well as discovery. (See 3 N. Y. Statutes, Banks and Brothers' 5th ed., p. 72, Title 3, sections 6, 7, 8 and 13.)

Our section 6 is substantially the same as section 8 of the New York statute, while it will be seen that we have no provision corresponding to section 13 of that statute, which in terms applies to an action "*for relief or discovery*" on the part of the borrower. And, therefore, we are inclined to hold, contrary to some intimations in *Livingston v. Harris, supra*, and *Cooper v. Tappan*, 4 Wis., 362, that the latter clause of section 6 refers to the class of cases mentioned in the prior clause, that is, to cases when the borrower has no means of establishing the usury without resorting to the oath of the lender; and we adopt this construction upon the principle that these statutes, being penal in their character, must be strictly construed. The cases of Livingston and Cooper were bills for discovery as well as for relief; and in the latter case the chief justice does not dwell upon the marked difference between the New York statute and the law of 1851. But this is a case for relief merely, and must, we think, be controlled by the established rules of equitable jurisdiction.

We have the less hesitation in adopting this rule in view of the recent legislation in this state upon the subject of usury, where the legislature has indicated most clearly a disposition to change somewhat its vigorous policy in regard to these enactments. (See chap. 93, Laws of 1871, and chap. 157, Laws of 1872.)

Rietz and others vs. Foeste and another.

And while it may be true that these enactments cannot change the character of the usurious contract set out in the complaint, yet they seem to add strength to the consideration that section 6 should not receive a liberal interpretation so as to include a case for relief where no discovery is asked. It would be a violation of principle to give it a broad interpretation, and hold that it abolishes the well established equity rule upon this subject, that the borrower shall repay, or offer to repay the sum actually lent, with lawful interest, as a condition to having the relief sought in this case. And we therefore agree with the circuit court in holding that the complaint is fatally defective because it contains no allegation of the payment of the money actually lent on the usurious securities, nor any allegation of a tender thereof, or offer to pay the amount justly due upon them.

*By the Court.*—The order of the circuit court, sustaining the demurrer to the complaint, is affirmed.