## HAGGERSON VS. PHILLIPS.

USURY.  *Relief from.*  (1) *Mortgagor may defend in foreclosure praying sale for only amount due, deducting usury, without tender of amount due.* (2) *And may enjoin sale for more than equitably due in foreclosure by advertisement, without tender.*

PARTIES.  (3) *Widow cannot sue as such, to restrain sale of land of estate, without showing that husband died seized of, or that she has, an estate therein.*

1. While one who seeks the aid of a court of equity to cancel an instrument as void for usury, must tender the sum equitably due, yet where it is sought to foreclose a mortgage for an amount which includes usury, the mortgagor may defend *against the amount* so claimed, without tendering the sum equitably due.

2. So, where, as in this case, a mortgagee is about to foreclose under the statute, without action, for an amount which includes usurious interest, the mortgagor, without tendering the sum equitably due on the mortgage, may maintain an action to restrain the sale for any greater amount.

3. This action, to restrain such a sale by the mortgagee for a greater amount than that equitably due, was brought by the widow of the mortgagor, who was not his personal representative, and does not plead that he died seized of any estate in the premises, or that she has any.  *Held*, on demurrer, that the complaint does not state a cause of action.

APPEAL from the Circuit Court for *Oconto* County.

The complaint alleges that the plaintiff's husband, now deceased, executed and delivered to the defendant a promissory note on the 6th of May, 1871, for $500, and secured the same by a mortgage on real estate; that the note and mortgage were given in fact for a loan of $400 only, the defendant retaining $100 as usurious interest; that $60 had since been paid on the note; that the maker of said note has since died intestate; that no administrator of his estate has been appointed; that the defendant has advertised to sell the mortgaged lands without first bringing an action of foreclosure, and thereby threatens to sell the same at public auction, to satisfy the full

Haggerson vs. Phillips.

amount of said note and mortgage and interest, without allowing the $60 which had been paid, or the $100 so retained; and without having the estate administered upon. Judgment is prayed that defendant be restrained from foreclosing said mortgage by advertisement, for any greater sum than $340; and, in the meantime, restrained from selling at all until an administrator be appointed and made a party plaintiff; and for further relief, etc. The defendant demurred on the ground that it appeared on the face of the complaint: 1. That the plaintiff has not legal capacity to sue. 2. That the complaint does not state facts sufficient to constitute a cause of action. From an order overruling the demurrer, the defendant appealed.

*W. H. Webster*, for appellant, argued that the party seeking relief from the usurious contract should, under the well settled rule of equity, offer in his bill to pay the amount really due, and, if he do not, the bill will be dismissed. *Rietz v. Fœste*, 30 Wis., 693. The implied offer contained in plaintiff's prayer, is not such a tender as is required. There must be an actual offer. *Hunter v. Warner*, 1 id., 141.

*A. Reinhart*, for respondent, cited, in support of the position that a court of equity may enjoin the foreclosure of the mortgage in this case, *Adam v. Haskell*, 10 Wis., 128; *Cooper v. Tappan*, 4 id., 362; *Wood v. Lake*, 13 id., 85; *Rietz v. Fœste*, 30 id., 696; and contended that, as the complaint alleged a payment of $60, the defendant, independent of the question of usury, should be enjoined from selling by advertisement, and compelled to enter a court of equity, where defendant might plead such partial payment; that here only equity was asked, as only an injunction from selling for more than was due was prayed.

RYAN, C. J. I. The objection to the complaint urged in support of the demurrer is, that the respondent does not tender payment of the principal and interest which she admits to be equitably due on the mortgage; and *Rietz v. Fœste*, 30 Wis.,

693, is cited for the objection. There the suit was prosecuted to cancel the mortgage, as void for usury; and, in deciding it, as in other cases of the kind, the court held that the party seeking the aid of a court of equity to cancel the instrument void for usury, must first tender payment of the sum actually due. In the absence of a different statutory regulation, this is understood to be the universal rule in such cases. *Draper v. Emerson*, 22 Wis., 147.

But that is not this case. The complaint does not ask to cancel the security, or claim that it is void, or insist upon any penalty or forfeiture for usury. It leaves the mortgage unimpeached, to stand for the full balance of principal lent upon it, and interest, and seeks only to restrain the sale of the mortgaged premises for more. When the security is given up and cancelled for usury, the creditor loses his actual debt, unless payment of it be made a condition of the relief. But in the case before us, there is no equitable condition precedent to relief, because judgment on the complaint would deprive the appellant of nothing which in equity he ought to have. His security and his remedy on it will stand for all that is due to him. Had he brought an action of foreclosure, the respondent could have defended against the amount, without condition. The statutory foreclosure undertaken by the appellant deprives her of that opportunity of defense. She can obtain the same redress by a suit of her own only; and there is no doubt of her right to bring one. *Encking v. Simmons*, 28 Wis., 272. And there is no equitable condition to her right, in the one case or the other.

II. This was the only ground of demurrer relied on at the bar. But there is another, so patent in the record that we cannot overlook it.

The respondent pleads that she is the widow of the mortgagor, but not his personal representative. And she does not plead that the mortgagor died seized of any estate in the mortgaged premises, or that she has any. She therefore shows no

color of right to prosecute this suit. This is a fatal defect in the complaint, on demurrer, which may probably be curable by amendment, which ought to be allowed.

But, for this reason, the demurrer was well taken; and the order overruling it must be reversed.

*By the Court.* — Order reversed.