## CAHN *et al.* v. FARMERS AND TRADERS BANK.

1. Usurious interest was included in the note upon which a judgment was rendered in a suit by the bank, defendant herein, against W. & K., who were debtors to the bank, and also to the plaintiffs in this action. *Held*, in this suit by these plaintiffs to set aside said judgment as fraudulent as against the creditors of W. & K., that usury is a personal defense, and that no one but a party to the usurious loan, or his personal representative, can avoid a usurious contract on account of usury. *Held, further*, that the omission of W. & K. to defend the bank suit on the ground of usury was no evidence, of itself, of fraudulent intent on their part in allowing a judgment by default to be taken against them. *Held, further*, that including usurious interest in said note upon which said judgment was rendered did not render the judgment fraudulent as to the creditors of W. & K.
2. When a note made payable on demand was dated August 17th, and suit commenced thereon August 18th, and no copy of the note is found

in the record, the court will presume that the judgment of the district court is correct, and that days of grace were waived in the note and the suit commenced within the proper time.

3. Including in a judgment a small amount of interest for days of grace does not necessarily render such judgment fraudulent as to creditors, but the question as to the intent of the party in including it is for the jury.

4. After the bank had taken judgment in its suit against W. & K., it demanded and received $72 interest on the judgment, which it subsequently agreed to pay back. *Held*, this did not render the judgment fraudulent as to creditors, but was evidence to go to the jury for the purpose of showing with what intent the judgment was taken.

5. The judgment of the bank against W. & K. was withheld from the record from September 22d to December 9th. *Held*, this did not render the judgment fraudulent as to creditors; but was evidence for the jury to consider in determining with what intent the judgment was taken. *Held, further*, that the jury was warranted in finding from the evidence that there was no fraudulent intent in taking the bank judgment, either on the part of W. & K. or the bank.

6. There is no averment in the complaint in this action that the court had no jurisdiction to render the judgment in the bank case by reason of insufficient proof of service upon defendants W. & K. but it is alleged in the complaint that the defendants W. & K. "consented and authorized judgment to be entered by default in the district court of Brule county against them, and in favor of the Farmers' and Traders' Bank." *Held*, that plaintiffs cannot now be permitted to deny or question the jurisdiction of the court to render said judgment on the ground that the proof of service of the summons and complaint on W. & K. was insufficient to authorize a judgment by default against them.

7. The instructions given by the court in this case examined, and *held* to state the law applicable to the case correctly, and that the instructions refused were properly refused by the court.

(Syllabus by the Court.    Argued April 11, 1890.    Opinion filed July 8, 1890.)

Appeal from district court, Brule county, Hon. BARTLETT TRIPP, Judge.

Action to set aside a judgment and to declare a levy under an attachment a first lien upon certain personal property. Judgment for defendant.    Plaintiff appeals.    Affirmed.    KELLAM, Judge, not sitting.

The facts so far as material are stated in the opinion.

*Dillon & Preston*, for appellant.

When a judgment is taken by a creditor against a failing debtor, it must not be taken for more than is legally due.    The

judgment in this case being knowingly taken for a sum that included usurious interest and for more than was due is void as to other creditors. Taaffe v. Josephson, 7 Cal. 352; Mc-Kinty v. Gladwin, 10 Cal. 227. The note in suit was not due until after grace had expired. The judgment being taken before the days of grace had expired, is void, for the reason that it was taken before the maturity of the debt. Seaton v. Himmeman, 50 Ia. 395; Coffin v. Loving, 87 Mass. 153; Bell v. Sackett, 38 Cal. 407; Edwards on Bills, § 525; Davis v. Eppinger, 18 Cal. 379; Drake on Attachments, § 773; Rice v. Jackson, 6 Mass. 242; Swift v. Crocker, 21 Pick. 241; Chappel v. Chappel, 12 N. Y. 215; Bank v. Mason, 16 How. 205; Clapp v. Ely, 27 N. J. Law 555; Palmer v. Martindell, 10 At. 802. Secretly withholding the judgment from record for the purpose of saving the credit of the debtor and allowing the debtor thereby to obtain a false credit, renders it void as to other creditors. Rice v. Cunningham, 116 Mass. 466; Coolridge v. Melvin, 42 N. H. 510; Shipman v. Seymour, 40 Mich. 274; Putnam v. Reynolds. 44 Mich. 114.

An admission of service of process as follows: "Due and personal service of the within summons and complaint is admitted this 18th day of Aug. 1886" is insufficient,—failing to state the time, place and manner of service. Hall v. Graham, 5 N. W. 943; Masterson v. Hoyt, 4 Minn. 108; Read v. French, 28 N. Y. 285; Litchfield v. Burrell, 5 How, 342; Butterworth v. Hill, 114 U. S. 131; Aiken v. Railroad, 14 How. 327. The court therefore failed to obtain jurisdiction and the judgment is a nullity. Titus v. Relyea, 16 How. 371; Peck v. Cook, 41 Barb. 549. Even though the claim of respondent against the debtor was an honest one, yet, if in taking its judgment respondent intended not only to protect itself but also the debtor against other creditors, it was fraudulent and void. David v. Birckard, 10 N. W. 557 ;Bump. on Fraud, Con. 198. The jury should have been allowed to consider this question, but under the instructions of the court they were prevented from so doing. The giving of an instruction which mistakes the law upon a material point, cannot be cured by the giving of another instruc-

tion in which the law is correctly stated. Wasson v. Palmer, 14 N. W. 171; Pattee v. Railroad, 58 N. W. 439; People v. Valencia, 43 Cal. 552; People v. Gow, 54 Cal. 151.

W. A. Porter and W. S. Farmer, for respondents.

Statutes regulating the forfeiture of usurious interest can be taken advantage of only by the borrower and his privies. A judgment creditor is not in privity with his debtor, and appellant cannot urge usury. Tylor on Usury, §§ 414, 417; Ready v. Koebke, 1 N. W. 344; Bank v. Edwards, 1 Barb. 271; Draper v. Emerson, 22 Wis. 142; Bensley v. Homier, 42 Wis. 631. The fact that the debtor did not defend against the judgment on the ground of usury is no evidence of fraud. Murry v. Judson, 5 Seld. 73; In re Bank's appeal, 85 Pa. St. 528. The fact that the judgment was taken for more than was due, unless knowingly done and with fraudulent intent. is no ground for avoiding the whole judgment, and the instruction of the court to that effect was not erroneous. Bump. Fraud, Con. 468 Felton v. Wadsworth, 61 Mass. 587; Ayers v. Husted, 15 Conn. 504; Shed. v. Bank, 32 Vt. 709. The question of fraudulent intent was one for the jury Bump. Fraud, Con. 601, 602, 122; Morden v. Babcock, 43 Mass. 99; Seward v. Jackson, 8 Cow. 406; Montieth v. Brox, 4 Neb. 166; Padden v. Tronson, 45 Wis. 126. The fact that the debt was not due when the judgment was taken is not necessarily a fraud upon other creditors and is not a ground to set aside the judgment. § 5537 Comp. Laws; Adams v. Arnold. 86 Ill. 185; Black v. Patterson, 61 Miss. 599; Lawrence v. Brown, 2 Johns Cases, 225; Flint v. Craig, 54 Barb. 319; Bank v. Perkins, 29 N. Y. 554; 3 Sutherland on Dam. 574; Parker v. Kilbourn, 16 Wis. 489; Parker v. Armstrong, 55 Mich. 176; Dudley v. Briggs, 141 Mass. 532. The withholding the judgment from record to protect the debtor's credit, was not fraudulent. Heigler v. Bank, 21 N. E. 812.

The appellants failed to plead any want of jurisdiction in the court to render the judgment complained of, and the court being one of general jurisdiction it is presumed it had jurisdic tion of the subject matter, and that it acquired jurisdiction of

the persons. Abbott Trial Ev. 545; Vorhus v. Bank, 10 Pet. 449; Galfin v. Page, 18 Wall, 350; Reber v. Wright, 68 Pa. St. 471; Dunbar v. Hallowell, 34 Ill. 168; Railroad v. Weeks, 52 Me. 456; Collin v. Ellison, 13 O. St. 446; Pierce v. Griffin, 16 Ia. 552; Hahn v. Kelly, 34 Cal. 291; Ferguson v. Crawford, 70 N. Y. 265.

CORSON, P. J. On the 17th day of August, 1886, the firm of Wetherell & Kent, retail merchants in the city of Kimball, Brule county, Dakota territory, being indebted to the Farmers' & Traders' Bank in the said city of Kimball, in said county, in the sum of $2,408.54 on notes, a part of which were due, made a new note for that sum to the bank, payable on demand, with interest at 12 per cent per annum, taking up at the time the old notes. On August 18, 1886, the bank commenced an action upon this note against Wetherell & Kent, in which judgment was rendered by default on September 21, 1886. On December 9, 1886, the judgment roll was for the first time filed in the office of the clerk of the district court of said Brule county, and an execution issued thereon, which was on the same day levied upon the stock of goods of said Wetherell & Kent in said town of Kimball. Between the 14th day of July and the 2d day of August, 1886, the firm of Wetherell & Kent purchased of the firm of Cahn, Wampold & Co., the plaintiff in this action, wholesale clothing merchants in the city of Chicago, a bill of goods amounting to the sum of $2,390.25, payable in three and four months from October 1, 1886. On the 14th day of December, 1886, the plaintiffs, Cahn, Wampold & Co., commenced an action in the district court of said Brule county against Wetherell & Kent to recover this indebtedness, and in this action caused a warrant of attachment to issue, which was levied upon the same stock of goods of Wetherell & Kent, levied upon five days before under the bank's judgment and execution. On the 21st day of December, 1886, the plaintiffs commenced this action against these defendants, the Farmers' and Traders' Bank and the sheriff of said Brule county, to set aside the judgment in favor of the bank as fraudulent as against the creditors

of Wetherell & Kent, and to have the levy under the warrant of attachment issued in their suit declared a first lien upon the stock of goods of Wetherell & Kent. An injunction was also prayed for, enjoining the bank and the sheriff from selling the goods under the judgment and execution of the bank. On the trial of this action the court ordered specific questions of fact involved in the case to be tried by a jury, who found these issues in favor of the defendants, and thereupon judgment was rendered in favor of defendants, and from which judgment the plaintiffs have appealed to this court.

The counsel for appellants insist that the judgment of the bank was fraudulent as against the creditors of Wetherell & Kent on several grounds.

1. It is contended that as the amount of interest agreed to be paid by Wetherell & Kent upon their indebtedness to the bank, and included in the note and judgment, was in excess of the interest allowed by law, said judgment was thereby rendered fraudulent as to the creditors of Wetherell & Kent. The defense of usury is a purely personal defense. and so exclusively so that it cannot be made by the creditors of parties who do not choose to avail themselves of it. Section 3723, Comp. Laws, provides that, "when a greater rate of interest has been paid than twelve per cent per annum, the person paying it, or his personal representative, may recover the excess." It will be noticed that neither creditors nor assigns are mentioned. In Bullard v. Raynor, 30 N. Y. 197, the court says: ''There is another conclusive ground against the plaintiff. No one but a party to a usurious loan, or his heirs. devisees or personal representatives, can avoid a usurious contract on account of usury." And this view of the law is sustained by numerous authorities. Post v. Bank of Utica, 7 Hill, 391; Rexford v. Widger. 2 N. Y. 131; Schermerhorn v. Talman, 14 N. Y. 127; Chamberlain v. Dempsey, 36 N. Y. 144; De Wolf v. Johnson. 10 Wheat. 367; Reading v. Weston, 7 Conn. 413; Livingston v. Harris, 11 Wend. 329; Bensley v. Homier, 42 Wis. 631; Ready v. Koebke, 1 N. W. Rep. 344. And the failure of Wetherell & Kent to avail themselves of this defense is in itself no evidence of an intent to de-

fraud creditors, as was held in Murray v. Judson, 9 N. Y. 73, in which the court, on page 83, says: "A debtor is not required to avail himself of the statutes against usury to avoid the payment of a debt otherwise justly due, any more than of the statute of limitation; and the omission to do either is not in itself the slightest evidence of an intent to defraud his creditors. It is rather evidence of a determination not to commit a fraud upon the lender for their benefit." Of course this doctrine is only to be applied to ordinary cases where parties have in good faith agreed to pay a rate of interest in excess of the legal rate, in order to secure the loan, and not to cases where such interest is agreed to be paid and included in the judgment for fraudulent purposes, as against their creditors, or upon any agreement or understanding with their creditors, express or implied, that any part of such interest is to be repaid to them, or in any manner inure to their benefit.

2. It is also contended that, in addition to the usurious interest included in the judgment, there was included a greater amount than was actually due, by reason of including interest on the note on which judgment was taken for the days of grace. The first answer to this contention is that the note is not given in the record, and we cannot, therefore, say what its terms were; and we must presume, in the absence of evidence in the record to the contrary, that the judgment of the court was correct. A second answer is that, whether or not such interest was fraudulently included, or included by mistake, was a question for the jury. The rule on this subject is thus stated by Bump on Fraudulent Conveyances, p. 486: "So, if a creditor takes a mortgage or a judgment, or issues an attachment for more than is due, the fraud corrupts and destroys the whole. There must, however, be fraud to bring the case within this principle. If there is no fraud or wrong done, or attempted or intended to be done, the principle does not apply. If an attachment or judgment is taken for too much inadvertently, and the creditor has no purpose of obtaining any more than is due him, it will be valid." We think the jury in this case were fully warranted by the evidence in finding that no fraud was intended by the bank, and

that if, as matter of fact, this interest was improperly included, it was an inadvertence, and was not for the purpose of obtaining judgment for more than was justly due it.

3. It is contended that the suit was prematurely brought on the note, it being given and dated the 17th day of August, and suit was brought on the 18th. As before stated, the note is not given in the record, and we cannot, therefore, say whether or not days of grace were waived. In the absence of evidence to the contrary in the record, the presumption that days of grace had been waived, and that the action was commenced within the proper time, must prevail.

4. It is contended by counsel that the payment of $72 interest on the judgment, October 30, 1886, and the secretly withholding the judgment from the record from September 21 to December 9, 1886, rendered the judgment void. Even were the facts as stated by counsel, we are of the opinion that they would only be evidence of fraud to be considered by the jury. But we think that these circumstances, as explained by the witnesses, constituted but very slight, if any, evidence of a fraudulent intent on the part of either the bank or Wetherell & Kent in taking the judgment. In regard to the item of $72 interest, Mr. Foote, cashier of the bank, says: "I heard Wetherell's testimony with reference to the return of the $72 that had been paid to us. I will explain: They had paid us no interest on the debt from the time this large note was given on August 17th. They had paid me none at all until the date of the $72 entry on October 30th. I went to Kent, and told him that we were entitled to 12 per cent. interest on the debt, and he paid me three months' interest—$72. Wetherell spoke to me about this, and I said that the law only allowed us 7 per cent., and if he insisted upon taking it back, we were not entitled to it. This conversation was about a year ago." The jury were fully justified in finding that the payment of this interest was not sufficient evidence of fraudulent intent on the part of either of these parties to render the judgment fraudulent as to creditors. In explanation by Mr. Foote of the reasons that induced the bank to withhold the judgment from the record until December 9th,

he says:  "The reason why this judgment was kept from rec-
ord was because Wetherell expected to get money to pay this
indebtedness.   If he could do so, I did not care to force the
matter, and it was withheld on his solicitation, and upon his
promise to get the money.   He stated the day the money would
be here.   He promised that it should be paid by December 1st.
I do not know as Wetherell knew about this record business of
this judgment.   He urged me not to press him.   I agreed to
carry them as long as I could with safety.   He promised to get
the money.   He was making efforts to get the money, and on
account of this promise I withheld the judgment.   It was not
for the purpose of hindering the creditors of Wetherell & Kent
or deceiving the creditors.   This judgment was held in abey-
ance with the sole purpose of allowing Mr. Wetherell time to
obtain the money to pay it off, upon his promise and assurance
that he would get the money.     *   *   *     About August 17th I
had a conversation with Kent about their indebtedness. I asked
him to give me a note.   I asked him for a statement of his
financial condition a day or two prior to this time.   I wanted a
new note as soon as possible.   You will notice that this collec-
tion to Moyer & Brown was to be pressed.   I knew we could
not get judgment under thirty days, but the thirty days would
come around quicker if we commenced sooner.   It was placed
in the hands of our attorney, with instructions to commence im-
mediate suit.   I probably had a conversation with Mr. Weth-
erell when he returned on the 20th.   At what time it occurred
I cannot say.   The tenor of all our conversations was that very
soon Wetherell would be able to pay the whole amount.   Later
on he agreed  that he would have the money on the 1st of De-
cember, but he failed to get the money.   The reason why it was
not closed on the 1st of December was that he sent his wife east
about that time, and wished us to wait and see if she could get
the money.   We waited until we thought she could not get it.
I did not know that the judgment was not placed on the rec-
ords at that time.   I did not know anything about it.   I left the
matter of the judgment entirely with our attorney.   A subse-
quent conversation I had with Mr. Wetherell after taking the

judgment was to the effect that we would not press him with it. We were not to close him up, but give him time and he would pay it without having his stock sacrificed. I never told Mr. Kent anything about bringing suit upon this note prior to the time this suit was commenced." In this case the plaintiffs were not misled or induced to sell to Wetherell & Kent any goods during the time this judgment was withheld from the record. Had they sold to Wetherell & Kent goods without the knowledge of this judgment, and while it was so withheld from the record, a very different question would be presented, which it is not necessary to pass upon at this time. After a careful examination of the evidence in the record, we have failed to discover in any part of it evidence of a fraudulent intent on the part of either the bank or Wetherell & Kent in this transaction, but, on the contrary, there seems to have been perfect good faith throughout the whole transaction towards the creditors of Wetherell & Kent.

5. Counsel for appellants further insist that the court had no jurisdiction to render a judgment by default against Wetherell & Kent in the suit of the bank against them, on the ground that the proofs of the service of the summons and complaint on them were insufficient to authorize the judgment. Respondents' counsel contends that that question cannot be raised in this case, as the appellants are concluded by the averments in their complaint, and are estopped from denying or questioning that judgment in this action. An examination of the complaint discloses the fact that there are no averments in the complaint showing a want of jurisdiction in the court to render the judgment in that case, but, on the contrary, the plaintiffs do affirmative allege that "on the 22d day of September, 1886, the defendants Wetherell & Kent, with intent to hinder, delay, and defraud their creditors, consented and authorized judgment by default to be entered in the district court of Brule county against them, and in favor of the Farmers' and Traders' Bank, for the sum of," etc. We are of the opinion that the plaintiffs, having not only failed to allege the want of jurisdiction, but having affirmatively alleged in their complaint that the defend-

ats Wetherell & Kent did consent to and authorize the judgment, cannot now be permitted to deny or question the jurisdiction of the court to render it.   This view of the effect of the averments in the complaint renders it unnecessary for the court to examine the question of the sufficiency of the proofs of service, or the effect of the recital in the judgment.

6.   In refusing to allow the questions propounded to the witness Wetherell, with reference to the effect on creditors of withholding from the record the judgment, we think the court committed no error.   The questions called for the opinion of the witness as to the effect of certain acts upon the credit of the firm, and were therefore inadmissible.   Whart. Ev. § 509.

7.   The learned counsel contends that the court erred in its instructions to the jury, and in refusing to give certain instructions requested on the part of the plaintiff.   We have given the instructions given and refused a careful consideration, and we think the court not only committed no error, but gave the instructions requested by plaintiffs quite as favorably to them as they were entitled to have them given.   Those given at the request of plaintiffs are as follows:   "You are instructed that, if the judgment in favor of the Farmers' and Traders' Bank and against Wetherall & Kent was obtained with intent on the part of Wetherell & Kent to delay or defraud a particular creditor in the collection of his debt, it is void as against the creditors of Wetherell & Kent, if the intent was known to and participated in by the Farmers' and Trader's Bank, although the judgment may have been taken for good and valuable consideration.   If the Farmers' and Traders Bank knew that Wetherell and Kent had a fraudulent purpose in permitting them to take judgment against them, said Wetherell & Kent, and they took their said judgment with that knowledge, and participated with them in said fraudulent purpose, then the same is fraudulent and void as against the creditors of Wetherell & Kent, and you must return a verdict for the plaintiff. You are instructed that, in determining the question whether the judgment in this case was taken in good faith, you must take into consideration all the facts and circumstances proved

on this trial; and if you believe, from all the evidence in this case, that the judgment was not taken in good faith or for a valuable consideration, but was taken for the purpose of covering up the property, or any part thereof, so as to keep it from the creditors of Wetherell & Kent, or to hinder and delay them in the collection of their debts, then these facts will render the judgment fraudulent and void as to the creditors of Wetherell & Kent. You are instructed that the note upon which the Farmers' and Traders' Bank obtained their judgment against the defendants Wetherell & Kent must have been a valid one, not only in part, but as a whole. No part of it must be fictitious, for, if any portion of the consideration of the note be knowingly fictitious, the whole amount is thereby tainted with fraud, and renders the entire amount void as to the other creditors. If you shall believe from all the evidence in this case that the Farmers' and Traders' Bank was a creditor of Wetherell & Kent, and that such bank had a demand against said Wetherell & Kent, however just, yet they could not use such demand as a means of defrauding other creditors of Wetherell & Kent. I charge you that in a fair race for preference, if the Farmers' and Traders' Bank by diligence secured an advantage over other creditors of Wetherell & Kent, it may be maintained, but if it was the purpose of the Farmers' and Traders' Bank not only to collect their debt, but at the same time to help Wetherell & Kent cover· up their property, then the Farmers' and Traders' Bank cannot shield themselves by showing that their debt against Wetherell & Kent was *bona fide*."

The two instructions requested on the part of the plaintiff, and refused, were upon the subject of usury, and the including of usurious interest in the judgment. For the reasons given in this opinion, we think the court was right in refusing to give them. The charge of the court, on its own motion, is quite lengthy, and in our opinion states the law correctly as applied to this case. It proceeds upon the theory, and we think correctly, that the issue submitted to the jury, viz., ''Did the defendant the Farmers' and Traders' Bank obtain the judgment in controversy, and cause the same to be rendered and entered,

and an execution to issue thereon, with intent to delay or defraud the creditors of Wetherell & Kent?" was the vital and decisive question in the case, and that all other facts and circumstances were admitted only as evidence bearing upon this issue. The proceeding that is rendered void under our statute (Section 4656, Comp. Laws) is defined to be "every judicial proceeding taken with intent to delay or defraud creditors." And Section 4658 provides: "The fraud must obstruct the enforcement of legal process" to avoid the act. It was therefore the judgment and execution that constituted the "judicial proceeding" that would have a tendency to obstruct the enforcement of plaintiff's legal process. The fact, therefore, of keeping the judgment from the record for the time shown by the evidence, and the fact of the bank taking $72 interest on the judgment, were not judicial proceedings, but only tended to show with what object and intent the judicial proceedings were taken. In this view of the case the court was correct in confining the jury to the judgment and execution, and limiting them to a consideration of the character of those acts and the intent with which they were done.

We do not find any error in the record and the judgment is therefore affirmed.

CORSON and BENNETT, J. J., concurring.

KELLAM, J., having been counsel in the case, did not sit, nor take any part in the decision.