STEAMBOAT CHARLOTTE vs. KINGSLAND & LIGHTNER,ᵀᵗᵒ ᴛʜᴇ ᴜsᴇ ᴏꜰ, &c.

1. Receiving a negotiable note in payment of an account, and its transfer by an endorsement in blank, and delivery to one who received it on the faith of the lien, do not extinguish the legal right to enforce the lien by the payee in a suit to the use of the holder.

ERROR to St. Louis Court of Common Pleas.

Hamilton, Geyer & Dayton, for Plaintiff in error.

POINTS AND AUTHORITIES.

The instructions prayed by the defendants disclose the true law of this case.

1. The original demand was liquidated by the negotiable mercantile paper, the endorsement and delivery of which to Simonds, Morrison & Boggs, who have ever since held and owned them, transferred all right of action to the said parties. The nominal plaintiffs have incurred no responsibility by reason of their endorsement, as no steps appear to have been taken to fix them. This claim, therefore, as to them, is paid, and they have no interest either legal or equitable in the subject of this suit. The right of lien is personal, and cannot pass into the hands of a third person as an incident to the notes, especially so when the original claimant is in effect paid, and against whom no continuing liability exists.

2. The same reasoning applies to the second instruction. Ackerman purchased the boat *bona fide* from the sole owner, when not only he had no notice of the claim of lien, but at a time when the nominal plaintiff had in fact parted with the debt and lien, and all evidence of either. He therefore is entitled to protection. See on the case 3 Cranch, 311; John R. 34; N. H. Rep. 282.

Spalding & Tiffany, for Defendants in error.

POINTS AND AUTHORITIES.

1. Giving the notes *as evidence of the debt* did not discharge the lien or extinguish the original cause of action. 2 Vesey & B. 306; 1 John Chy. Rep. 308; 6 Mo. Rep. 552, 555; 10 Peters' Rep. 567; 6 T·

R. 52; John Rep. 309; 2 John's Cases, 438; Bailey on Bills; 7 Mo. Rep. 411.

2. The transfer of the account and note (being by delivery, and not by written assignment, except the endorsement of the plaintiff's name) by plaintiffs to Simonds and others, did not divest the lien.

3. The fact that the boat had changed owners does not affect the case, as by the statute the lien does not depend on the knowledge of the vendee of the boat.

SCOTT, J., delivered the opinion of the court.

This is a suit like two others determined at this term of the court in which the steamboat Charlotte was plaintiff in error. The difference between them consists in this : that Kingsland and Lightner who held a lien on the boat, for services rendered, endorsed in blank, the notes they received in liquidation of the account, and delivered them to Simonds, Morrison & Boggs, who received them on the faith of the lien, and who directed the institution of this suit, which was brought in the name of Kingsland & Lightner, and the notes given in liquidation of the account, were attached to the statement of the cause of action, and formed a part of it.

It is contended that a party who has received a negotiable promissory note in payment of a debt due by account, and who has transferred the note cannot maintain a suit on the original cause of action. In the case of Harris vs. Johnson, 3 Cranch, 311, it was held that an action could not be maintained on an open account, conditionally paid by the receipt of a note, whilst the note was outstanding. This case seems to have been determined on the authority of Morgan vs. Kearslake, 5 Term Reports. The objection to the recovery under the circumstances, was, that if it were allowed, then the plaintiff might have double satisfaction. The presumption is, he received value for the note when he negotiated it, and to permit him to recover on the open account whilst the note was outstanding, would be the means of allowing him to receive payment twice for the same demand. We are of the opinion that the case now under consideration, does not fall within the principle of those above cited. There has been no legal transfer of the note. The legal title is still in Kingsland and Lightner, and the notes are brought into court, and made a part of the statement of the cause of action. The blank endorsement under the circumstances can only be regarded as a direction that Simonds, et al, should have the benefit of this suit. The fact that the notes were taken on the faith of the lien

shows that the maker was disregarded in the transaction, and that it could not have been in the contemplation of the parties that any steps should have been taken by them in order to prevent the release of Kingsland & Lightner. The notes with the blank endorsement accompany the statement of the cause of action and form a part of it, and it is impossible to say that there is any danger that these notes will ever be used against Kingsland & Lightner.

These considerations answer the objection that the lien is personal and cannot be transferred.