Daniel McDermaid *et al.*

*v.*

Lucretia A. Russell.

1. Non-resident defendants *in chancery — notice by publication — of the affidavit.* Where the affidavit of non-residence of defendants in chancery, upon which a notice by publication was based, was not sworn to before any officer, it is no affidavit, and gave no authority to the court to enter an order of publication.

2. Same — *requisites of the notice.* A notice which was published against certain defendants in chancery, alleged to be non-residents, required them to appear

at a certain time, " give bail and enter their appearance, or that judgment would be entered against them by default, and the property attached sold." This was no proper notice in such a proceeding, but might be a good notice in an attachment cause.

3. A notice in such case which requires the non-resident defendants to appear at a different time from that at which the term of the court is to commence, is void.

4. GUARDIAN AD LITEM — *when properly appointed.* Where the notice by publication against infant non-resident defendants in chancery, is void, an appointment of a guardian *ad litem* for the infants is also void, for they are not in court, amenable to any of its orders.

5. INFANT DEFENDANTS — *how brought into court.* Infant defendants in chancery cannot be brought into court by the stipulation of attorneys.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. T. D. MURPHY, Judge, presiding.

The opinion states the case.

Mr. R. N. BOTSFORD and Mr. S. S. JONES, for the plaintiffs in error.

Mr. A. B. COON and Mr. S. WILCOX, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question we can consider on this record is, as to the appearance in court of certain infant defendants.

It appears that Lucretia A. Russell, the defendant in error, filed a bill in chancery in the McHenry Circuit Court, for the purpose of having adjudged to her, the share of the lands of her deceased husband, who died intestate and childless, she claiming as statutory heir. In her bill, she made the brothers and sisters of her husband, and their descendants, defendants, as his heirs at law, and prayed process against them. Among these heirs at law were three minors, namely, Thomas Russell, James Russell and Isabella Russell, who had no other notice of the pendency of the suit than notice by publication. On proof of notice by publication, these minors were ruled to answer *instanter*, and, on failing so to do, the bill was taken as confessed against them.

At a subsequent day of the term, on motion of complainant, the default as to these infants was set aside, whereupon R. N. Botsford was appointed guardian *ad litem* for them, who filed an answer.

The objection taken to this notice of publication is, that the affidavit of non-residence does not appear to have been sworn to before any officer. For that omission, it was no affidavit, and gave no authority to the court to enter an order of publication.

Another objection is, that the summons issued on filing the bill required the defendants to appear in court on the second Monday of October, 1863, and the notice as published required them to appear on the fourth Monday of that month, "give bail and enter their appearance, or that judgment will be entered against them by default and the property attached sold." This is no proper notice in such a proceeding, but if the term was right, corresponding with the term named in the summons, it might be a good notice in an attachment cause. The record shows the term of the court commenced on the second Monday of October. The notice, then, to appear on the fourth Monday was nugatory and void, and consequently the appointment of a guardian *ad litem* for the infant was also void, for they were not in court, amenable to any of its orders.

None of the defendants being properly in court, the stipulation by the attorneys did not bring the infants into court. They could not be brought before the court in that way.

All the evidence not being in the record, we express no opinion on the other points made.

For the errors specified, the decree must be reversed and the cause remanded.

*Decree reversed.*