AIKEN & Co., Appellants, *v.* STEAMBOAT FANNY BARKER, Respondent.

*Boats and Vessels—Waiver of Lien—Note—Practice.*—A party having a lien upon a boat and taking a note for the amount thereof, may prosecute a suit against the boat in his own name to the use of his assignee, if he have the note ready at the trial to be delivered up and cancelled.

*Appeal from St. Louis Circuit Court.*

*Woerner & Kehr,* for appellants.

The claim was properly presented in the name of Aiken & Co. Neither the account itself nor the lien growing out

of it was ever attempted to be transferred, but the note, which is merely the evidence of the existing debt, and which the boat and vessel act (§ 52, p. 759) permits the lien holder to take without affecting his right of lien, was transferred to a third person by delivery, who, as the evidence tended to prove, took it on the faith of the *lien*. Plaintiffs produced the note in court to be cancelled, which is not only *prima facie* evidence of their ownership of the note, but as against the boat is conclusive, for it matters not whether the plaintiffs bought the note back after its transfer, or whether it was donated or otherwise voluntarily and gratuitously surrendered to them ; for no one will question the right of the transferee to make what disposition he pleases of his title to the paper. The title to the note, then, was back in the plaintiffs, and the court will not inquire what consideration they paid for it, or whether they have made a contract touching the ultimate disposition of the proceeds to be recovered in this proceeding—Page & Bacon v. Lathrop, 20 Mo. 589. This lien was not extinguished by the mere fact of the transfer of the note.

"Gen. Jackson," Sprague's Dec. p. 554, it is held in reference to a maritime lien, that " an assignment of his claim by the creditor is not a waiver of lien "—St. Bt. Charlotte v. Kingsland, 9 Mo. 66. The right to a mechanic's lien may be transferred without prejudice to the lien—Goff v. Papin, 34 Mo. 177. The question of the assignability of a mechanic's lien was directly before the court.

*Rankin & Hayden*, for respondent.

I. The statute gives a right only to creditors " having a lien "—G. S. p. 756, § 21. The evidence shows that when the claim was filed the plaintiffs had no lien ; they had sold it.

II. The action was not prosecuted in the name of the real party in interest, nor did the claimants show themselves to be within the exceptions—G. S. 651, § 2 & 3.

III. The assignment and sale of the lien destroys its existence as a lien demand. The lien was a personal privilege, incapable of being transferred to a third person and thence enforced as a lien. It is only given to the party who does the labor or furnishes the supplies—Pearsons v. Tucker, 36 Me. 384; Roberts v. Fowler, 3 E. D. Smith, 632. The analogy of the admiralty law holds, by which liens are personal and peculiar—Newbury's Adm'rs, 432, 449; 8 Pick. 73, 76; 1 Md. Ch. D. 220; 10 Hump. 371.

IV. The taking of a negotiable promissory note in settlement of the demand, and passing it away and getting the money for it, waived or destryed the lien—St. Bt. Charlotte v. Lumm, 9 Mo. 63; Ramsey v. Allegre, 12 Wheat. 611; 29 Vt. 165; Harris v. Schr. Kensington, 8 Am. Law Reg. 144, 155; 2 Wallace, Jr. 327.

HOLMES, Judge, delivered the opinion of the court.

This is an appeal from the judgment of the St. Louis Circuit Court refusing to allow the claim of the plaintiffs against the defendant, under the 22d section of the act concerning Boats and Vessels. It was not denied that the demand was originally a lien on the boat; but it appeared in evidence that the note which had been given to the plaintiffs by the owner of the boat for stores and supplies, had been sold and delivered by them to another person, without endorsement, and that it had been subsequently handed back to the plaintiffs, who presented the same for allowance in their own names to the use of the purchaser; and it was proved that the proceeds when collected were to go to him. The grounds of objection were that the lien was lost by the transfer of the note, and that the plaintiffs had no interest in the demand.

The legal title to the instrument had not been transferred. It amounted to an equitable assignment only. The legal title and the possession were in the plaintiffs when the demand was presented. The note was produced and offered to be given up when allowed. We see no objection to an al-

lowance of this demand in favor of the plaintiffs. It makes no difference that they could hold the money when collected for the use of the other party as the equitable owner. This would seem to be in entire accordance with the tenor of the decisions in this State, upon the right of the party having the legal title to the note to sue upon it in his own name, though the proceeds might belong to another in equity, and the case comes within the decision in the case of the St. Bt. Charlotte v. Kingsland, 9 Mo. 66. This conclusion is not inconsistent with the cases of maritime lien, in which the same doctrine is applied in similar cases—Sutton v. Albatross, 2 Wallace, Jr. 327; Sprague's Dec. 554; Harris v. Schr. Kensington, 8 Amer. Law Reg. 144; Boylan v. St. Bt. Victory, *ante* p. 274, and Morrison v. St. Bt. Laura, *post* p. 260.

We think the demand should have been allowed.

Judgment reversed and the cause remanded. The other judges concur.

