MICHAEL HALLAGAN *v.* DANIEL HERBERT.

The notice to create a lien (under the mechanic's lien law of 1855) must be duly
verified in the same manner as a pleading, and a complaint, in an action to fore-
close a mechanic's lien, which contains no averment that the notice to create
the lien was verified, is demurrable, as not stating facts sufficient to consti-
tute a cause of action.

APPEAL by the defendant from a judgment granted on a
demurrer to a complaint as frivolous, in an action to foreclose
a mechanic's lien. The grounds of the demurrer appear in the
opinion of the court.

BY THE COURT.—DALY, F. J.—The statute declares that the
notice to create a lien shall be verified before filing, in the
same manner as a pleading is required to be verified by the
Code (amendatory act of April 13, 1855). We held, in *Conklin*
v. *Wood* (3 E. D. Smith, 662), that unless the plaintiff shows a
a valid claim under a lien *duly filed*, he cannot succeed in an
action under the statute. In that case, the judgment was
reversed, because the notice served upon the county clerk was
not verified in the manner prescribed by the Code. In the
complaint in the present case, there is no averment that the
notice was verified at all, whereas the verification of it before
filing is essential to the creation of the lien. The demurrer is
upon the ground that the amended complaint does not state
facts sufficient to constitute a cause of action; and it does not,
for the filing of a notice verified in the manner above stated, is
one of the facts essential to the creation of a lien, and to the
existence of a cause of action. The want of a verification, or
of a sufficient verification, of the notice is, as was said in *Conk-
lin* v. *Wood*, a defect which goes to the whole claim, and can-
not be amended.

The judgment should therefore be reversed.