CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1871.

## MARY HARTY *v.* W. S. LADD.

ACKNOWLEDGMENT OF DEED BY A MARRIED WOMAN—PAROL.—Where the certificate of the acknowledgment of a deed by a *femme covert*, does not show that she was examined separate and apart from her husband, parol evidence is not admissible to show that she was in fact so examined.

THIS action is for the recovery of an undivided third of a parcel of land, that had been conveyed by Dennis Harty, the plaintiff's deceased husband, in his lifetime, to the defendant's grantor.

The answer denies knowledge or information sufficient to form a belief as to the several allegations of the complaint, and sets up as separate defenses:

1st. That the defendant is owner in fee of the premises.

2d. That on the sixth day of May, 1867, the said plaintiff and the said Dennis Harty, then pretending to be husband and wife, under their hands and seals, executed and delivered to Stephen Coffin, a deed of the premises, and duly acknowledged the same. That "the said plaintiff then and there, on an examination separate and apart from her said supposed or pretended husband, acknowledged that she executed the said deed voluntarily, and without fear or compulsion from any one, before the said William Beck, justice of the peace." That "by accident and mistake, the said William Beck, justice of the peace as aforesaid, in his certificate of the acknowledgment of the said deed, omitted to state in said certificate that the plaintiff was examined separate and apart from her said husband, and that upon such examinations she acknowledged that she executed the said deed voluntarily, and without fear or compulsion from any one. But defendant in fact says that such examination of said plaintiff was made separate and apart from her husband, and the plaintiff did" then and there, before said justice of the peace, so acknowledge.

3d. That the said Dennis Harty's purchase of said premises, was an exchange of lands. That he gave in exchange for this and other property, "the one half of the donation

land claim of the said Harty and his wife, the plaintiff, being said Dennis' half of said land claim, which land claim was situated in ———— county, in the state of Oregon." And that the said premises was re-exchanged and reconveyed by the said Dennis Harty, to the said Coffin, said defendant's grantor, for the said half of the said donation land claim. And that the said Dennis Harty departed this life more than one year prior to the time of the commencement of this action, and the plaintiff has commenced no previous proceeding to recover her dower in the premises.

The plaintiff demurs to each of the two defenses last mentioned, as not stating sufficient facts.

*Shattuck & Killin,* for the plaintiff.

*Logan & Waldo,* for the defendant.

By the Court, UPTON, J. The power of a married woman to divest herself of her interest in land by joining in the execution of a deed, is a power derived from the statute. By the common law she had not the capacity to thus divest herself of her interest, and the statute concerning conveyances has not wholly removed the disability of a married woman to convey real estate by deed, but has qualified it, or created an exception to the rule by providing a special mode by which a wife may divest herself of her interest in lands. The affirmative provisions are in substance that lands may be conveyed by deed, signed, sealed "and *acknowledged* or proved *and recorded,* as directed in this title."

"A husband and wife may by their joint deed convey the real estate of the wife."

"The acknowledgment of the wife shall be taken separately and apart from her husband."

"The officer taking the acknowledgment shall endorse thereon a certificate of the acknowledgment thereof."

The deed shall be recorded "*with the certificate* of acknowledgment."

For the reason that the deed of a married woman has no force or effect, except that which is derived from these provisions of statute, it follows that the deed must be made in

compliance with the statute. The statute can no more be deemed complied with, without the proper certificate being endorsed on the deed, than without the acknowledgment or without the signature of the wife.

A *femme covert* derives her power to convey by deed from the statute, and a full compliance includes the specified acts on the part of the certifying officer. The statute contemplates that the specified certificate will be made, and sections 1 and 22 of the act concerning conveyances indicate that the recording of the deed, " with the certificate of acknowledgment," is essential to constitute a conveyance by a married woman. I think that the very language of the statute which confers on a wife power to convey, excludes the idea of proving her acknowledgment or her execution of the deed in a case where the certificate has never existed. *

The objection to the defense last set out in the answer, is that the answer is uncertain as to the tract of land alleged to have been exchanged. If it was necessary to designate the tract, it should be described with certainty.

The demurrer should be sustained as to each of the two defenses last set forth in the answer.

--------

CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1871.

--------

* *Elliott* v. *Piersol,* 1 Pet. 328; *Brown* v. *Farran,* 3 Ohio, 155; 3 McLean, 230.