By the Court.—Monell J.
The creation of a lien upon real estate on behalf of a -mechanic, for labor done or materials furnished upon a building, furnishes a cumulative remedy for the collection of his demand. It does not supersede or interfere with the common-law remedy against the employer (Pollock v. Ehle, 2 E. D. Smith, 541).
But as a remedy provided by statute, it is requisite that the provisions of the statute should be strictly com *340 plied with (Beals v. Congregation B’nai Jeshumn, 1 E. D. Smith, 654). Hence the notice creating the lien must contain all the matter specified in the statute. Any omission in that regard would be fatal to the lien.
The question in this case, however, is as to the sufficiency of the pleading to foreclose the lien.
The complaint, after stating the performance of the work, alleges that “a notice in conformity with such statute to create, and whereby there was created a lien ” in the plaintiff’s favor, was “filed in the office of the clerk,” etc.
It does not appear, from the averment in the complaint, whether the notice was such an one as fully meets the requirements of the statute. The pleader has characterized it as a notice “in conformity with the statute,” and a notice “to create and whereby there was created a lien,” etc. But it cannot be seen from this averment that it is such a notice. The statute directs that the notice shall specify several things, and without them the notice would be nugatory.
The proceeding to foreclose the lien is by action, and the rules of pleading applicable to other actions of a similar nature are applicable to pleadings in this proceeding (Doughty v. Devlin, 1 E. D. Smith, 625).
In actions founded upon a cause of action given by a statute, it is not sufficient to merely refer to the statute, unless it is so provided in the statute; but all the facts ' which under the statute constitute the cause of action, must be alleged (Schroeppell v. Corning, 2 N. Y. R. 132).
It was not, therefore, sufficient in this case to merely allege that the notice conformed to the statute. The notice itself should have been set out, or its contents so stated that the court could have seen that the statute had been complied with.
This question has been directly adjudicated in the Common Pleas (Hallagan v. Herbert, 2 Daly, 253).
The appellant’s counsel claimed that great weight and *341 significance should he given to the allegation of “due” notice. But that is a mere conclusion of law, and not a statement of a fact (Myers v. Machado, 6 Abb. 198 ; S. C. 6 Duer, 678).
The judgment appealed from should he affirmed. Curtis, J., concurred.