### HILL *et al.* *v.* ALLIANCE BUILDING CO. *et al.*

1.   The statute by which a mechanic's lien is created was designed to protect material men, contractors, and laborers; and although in derogation of the common law, its provisions should be liberally construed, to the end that the intention of the legislature may be realized, and substantial justice done to all affected by its provisions.

2.   In the absence of an agreement or anything indicating an intention to the contrary, a mechanic or material man does not waive his right to file and enforce a lien by merely accepting for the amount of his claim the promissory note of the owner, at his instance and request, and for the sole purpose of suspending his right to foreclose such lien for 60 days, at which time such note, according to its terms matures.

3. Neither will the mere assignment of such note operate as a waiver or extinguish the lien, nor prevent the assignee thereof from obtaining a decree of foreclosure, provided he has the note, and offers to surrender the same at the trial for cancellation.

4. A material man who liquidates the amount of his claim by taking the note of the owner, as disclosed by the record in this case, and transfers the same under an agreement created by his blank endorsement, which binds him to pay the note if the maker fails, still retains an interest in the debt, that entitles him to file in his own name, a valid claim for a lien, provided it is done within the time limited by statute; and such lien, when assigned to, may be foreclosed by, the assignee and holder of the note.

5. A claimant who has taken the owners note for the amount of his claim should surrender the same for cancellation before a decree of foreclosure is entered; but the production of such note is excused when the undisputed evidence shows that the same was unavoidably lost while in the hands of an attorney for collection, and no demand for indemnity under the statute was made or suggested by the maker of the note, or any one claiming under him.

6. The omission of a notary to affix his seal to the jurat in a notice or claim for a lien cannot be cured, at the trial of an action to foreclose the lien, by the introduction of parol evidence that the claim was in fact verified; and where the seal is affixed, and the name of the notary is omitted, parol evidence to the effect that the claim was in fact sworn to is equally incompetent; and the omission in each case renders both claims for a lien insufficient, when filed, to constitute constructive notice of the existence of such liens.

7. The failure of a person entitled to a mechanic's lien to file a verified statement of his claim does not per se defeat the lien, but operates merely to postpone his lien as to purchasers or incumbrancers in good faith, without notice, whose rights accrued after the time within which the verfied statement should have been filed; and such failure is not available to one who, with actual notice of the existence of such lien, takes a quit-claim deed to the property, subject to all valid liens, under circumstances that fail, as a matter of law, to make him a purchaser in good faith.

8. The plea of usury is so far a personal defense that it cannot be urged in a foreclosure proceeding by one who buys merely the equity of redemption, subject to the mortgage for the forclosure of which the suit was instituted.

(Syllabus by the Court. Opinion filed Nov. 2, 1894.)

Appeal from circuit court. Beadle county. Hon. A. W. CAMPBELL, Judge.

Consolidated action to establish and foreclose a mechanic's lien, and to determine the priority of liens. From the judgment rendered, and from an order overruling his motion for a new trial, defendant Walter N. Carroll appeals. Affirmed.

The facts are stated in the opinion.

*Schenian & Savage*, for appellant.

A mechanic's lien is not assignable. 13 Am. and Eng. Ency. Law, 624; Jones Liens, 982; Fitsgerald v. First, 1 Mich. 243; Caldwell v. Lawrence 10 Wis. 331; Tewksberry v. Boonson, 4 N. Y. 749; Pearson v. Tincker, 36 Me. 384; Rollins v. Cross, 45 N. Y. 766.

The taking of a note and negotiating it, for a claim, waives the right to a lien therefor. Harris v. Johnston, 3 Cranch, 311; Scott v. Ward, 4 Ia. 112; German v. Sehloth, 13 N. W. 314; Montgomery's Appeal, 6 Atl. 125. Any right to a lien is not assignable. Hawley v. Ward, 4 Ia. 36; Merchant v. Ottomwa, 6 N. W. 709; Lougon v. Sankey, 7 N. W. 393; Brown v. Smith, 7 N. W. 401.

To perfect a mechanic's lien the statute must be strictly followed. Philips Mech. Liens, Par. 18; Lavin v. Beadley, 47 N. W. 384; Shans v. Finane, 5 Pac. 728; Coleman v. Goodenow, 29 N. W. 388; Mason v. Brock, 52 Am. Dec. 490; Meskimen, v. Day, 10 Pac. 14; Halligen v. Herberk, 2 Daly. 253; Dormas v. Crozier, 14 Kan. 227. The purchaser of an equity in lands under mortgage can set up usury as a defense. Session Laws, 1889, Chap. 70; 2 Washburn R. P. 184; Buddow v. Raynor, 30 N. Y. 200; Stein v. Swenson, 46 N. W. 360; Berden v. Sedgwack, 44 N; Y. 630.

*Reed & Dougherty*, and *Bair & Kehr*, for respondents Hill & Co.

The lien of a mechanic is assignable. Kerr v. Moore, 54 Miss. 286; Laege v. Bossiex, 15 Gatt. 83; Tuttle v. Home, 14 Minn. 150; Davis v. Billslaed, 18 Wall. 659. The taking of a

promissory note on an antecedent debt will not be presumed to have been in payment or discharge of the original indebedness. Baker v. Baker, 1 S. D. 261; Combination v. St. Paul, 49 N. W. 744; Glenn v. Smith, 2 Gil. & J. 493; Jones on Mort., 1582. Negotiation of the note suspends the right of the mechanic to sue until the note is returned to him unpaid, but not the right to file the notice of the lien. 15 Am. and Eng. Ency. Law, 106; Norton v. Austin 12 Cush. 389; Teas v. Christie, 2 Abb. Pr. 109; Sweet v. James, 2 R. I. 270; Rush v. Fisher, 8 Phil. 444; Clement v. Newton, 78 Ill. 427; German v. Schloth, 13 N. W. 314. A party having a lien and taking a note for the amount thereof, may prosecute a suit against the debtor in his own name to the use of his assignee if he has the note ready at the trial to be delivered up and cancelled. Aitkin v. Steamboat, 40 Mo. 227; Sprague's Dec. 554; Harris v. Kensuigton, 8 Am. Law Reg. 144; Boylan v. Victory, 40 Mo, 244; Friedman v. Rodenck, 20 Bradwell, 622.

*S. M. West,* for respondents, A. L. Deane & Co.

The findings of fact by the court are equivalent to the verdict of a jury and will not be disturbed if there is any evidence to support the findings. Stewart v. Smith, 1 Keys 14; Ritter v. Cushman, 35 How. 286; Bruyn v. Comstock, 56 Barb. 9; Bank v. Emberg, 21 How. 14; Davis v. Allen, 3 N. Y. 168; Stone v. Crow, 51 N. W. 335; Paine v. Railroad, 118 U. S. 152; Allen v. Bank, 120 U. S. 20; Stanley v. Albany, 121 U. S. 535; McDonald v. Kelley, 70 Wis. 108; Ross v. Mellim, 32 N. W. 172; Stickles v. Bruder, 37 Kan. 457; Walker v. Welch, 11 N. E. 277; Bedell v. Errett, 11 At. 571; Newcombe v. White, 23 Pac. 671; Morgan v. Botsford, 46 N. W. 230; Colvert v. Nickles, 26 S. Car. 304; Johnson v. Smith, 83 Ga. 779; McMahill v. Humes, 21 Ill. App. 513; Krider v. Milner, 99 Mo. 145; LaFitta v. Rups, 13 Col. 207; McCarthy v. Ass'n, 81 Cal. 584; Hathaway v. Bank, 124 U. S. 494; Robinson v. Bank, 81 Cal. 106; Bryant v. Robins, 74 Wis. 608; Brown v. Marshall, 120 Ind. 214; Rogan v. Fate, 12 S. W. 1135; Long v. Rogers, 59 Mich. 270;

Flock v. Green Island, 122 N. Y. 107; Brewing Co. v. Mielenz, 5 Dak. 136; Jeansch v. Lewis, 48 N. W. 128.

A finding of fact will not be disturbed on appeal, unless there is a clear preponderance of evidence against it. Farr v. Semple, 51 N. W. 319; Fitzgerald v. Neuslath, 91 Cal. 600; Oleson v. Scott, 1 Col. App. 94; Sanders v. State, 14 S. E. 570; Ripley v. Sligman, 88 Mich. 177; Hall v. Hall, 1C7 Mo. 101; Triper v. Weslow, 18 S. W. 684; Humphrey v. Plumer, 80 Mo. 246; Aultman v. Utsey, 34 S. C. 559; McFall v McFall, 14 S. E. 985; Moran v. Gordan, 33 Ill. App. 46; Comm. v. New York, 22 Atl. 36; Case Mfg. Co. v. Saxman, 138 U. S. 431; Eller v. Richardson, 89 Tenn. 575. When the same findings of facts must have resulted from the evidence, the error complained of is not a ground for disturbing the judgment. Belmont v. Coleman, 1 Bosw. 188; Schunck v. Dart, 22 N.Y. 420; Clapp v. Fullerton, 34 N. Y. 190; Calvin v. Burnett, 2 Hill 620; Castree v. Gavelle, 4 S. D. Smith 425.

The affidavit to a mechanic's lien is not insufficient because of the omission of the officer's signature to the jurat since such omission may be supplied. Fanley v. West, 51 Mo. App. 569; Cannon v. Deming, 3 S. D. 421, 53 N. W. 833; Farkham v. Jordan, 32 Pac. 729; Kruse v. Wilson, 70 Ill. 233; Cook v. Jenkins, 30 Ia. 452. Neglect in an affidavit for a lien to comply fully and technically with directions intended for the protection of third persons who may acquire rights in or liens upon the same property will not defeat the liens as against the owner. McFadden v. Stark, 22 S. W. 884. Affidavits in general may be amended. Stacy v. Farnham, 2 Howard, N. Y. 26; Watts v. Worwack, 44 Ala. 605; Agricultural Ass'n v. Madison, 9 Lea (Tenn.) 407; Williamson v. Stevenson, 103 Ind. 243; Linden Steel Co. v. Imperial, 9 L. R. A. 86.; Sullivan v. Hill, 13 L. R. A. 556; Schwartz v. Allen, 7 N. Y. 5. A statement of lien which fails to give the name of the true owner does not impair the validity of the lien. Dennis v. Walsh, 16 N. Y. Sup. 257; Null v. James, 18 N. Y. Sup. 359; Spruck v. McRoberts, 19 N.

Y. Sup. 672. A party excepting to the conclusions of law admits the correctness of the findings of fact. Cruzen v. Smith, 41 Ind. 288, Braden v. Graves, 85 Ind. 927; Fairbanks v. Muers, 98 Ind. 92; Holmes v. Wagner, 1 N. E. 730.

T. H. Null, for Equitable Loan & Trust Co. and Wm. Talmie.

W. A. Lynch, for Noyes Brothers & Cutler.

FULLER, J. As consolidated at the trial in the court below, this is an action to determine the respective and relative rights of the plaintiff, as assignee of a mechanic's claim and lien, and the defendants A. L. Dean & Co., Noyes Bros. & Cutler, William Tolmie, and other defendants named in the title of the cause, each claiming to have a mechanic's lien upon the real property described in the complaint, and also to adjudicate the rights of the defendant the Equitable Loan and Trust Company, a mortgagee, and the defendant and appellant, Walter N. Carroll, whose claim is based upon a certain quitclaim deed to the premises involved in this suit, executed to him by the defendant the Alliance Building Company, on the 12th day of November, 1891.

If, under the circumstances, the assignment of a mechanic's lien and a claim secured thereby entitles the plaintiff to enforce the same by foreclosure, the complaint, which is in the usual form, states facts sufficient to constitute a cause of action, and appellant's objection to the introduction of any evidence thereunder was properly overruled. The case was tried without a jury, and the court found, in effect and among other things, that the firm of Fraser & Shepherd furnished, under a contract with the defendant the Alliance Building Company, certain labor and materials, which were employed and used in the erection and construction of the buildings and improvements situated upon the premises in controversy, and that, after deducting all credits, there was due on said account the sum of $700, and that, within the time provided by law, said

Fraser and Shepherd filed a lien therefor, and, before the commencement of this suit, sold and assigned to this plaintiff all their claim, right, title and interest in and to said account and lien against the defendant the Alliance Building Company, and that plaintiff is now the owner thereof, no part of which has been paid or satisfied; that defendant A. L. Dean & Co. likewise performed labor and furnished material amounting in the aggregate to $200, for which a lien was duly filed; that the defendants Noyes Bros. & Cutler furnished material for the construction of the building upon the premises in controversy, of the reasonable value of $300, and duly filed a lien therefor; that the defendant William Tolmie furnished labor and material amounting to $167.92, for which a lien was duly filed; that, after the commencement of the erection of the buildings and improvements upon the premises in controversy, the Alliance Building Company, made, executed, and delivered its promissory note for $12,000 to the Bank of Volga, and at the same time, and for the purpose of securing the payment of said note, executed and delivered to said bank a mortgage upon the premises described in the complaint, which was duly recorded and assigned and transferred to the defendant the Equitable Loan & Trust Company before the commencement of this suit, and that default has been made in the conditions of said mortgage; that afterwards, and on the 23d day of January, 1891, the defendant the Alliance Building Company borrowed from the Twin City National Bank of New Brighton $1,500, and on the 19th day of August, following, executed and delivered, as security for the payment of the above-mentioned amount, a mortgage upon the premises described in the complaint.    The facts found by the court, of which but a brief conspectus appears in this statement of the case, concludes as follows:    "That thereafter, on November 12, 1891, the defendant the Alliance Building Company made, executed, acknowledged, and delivered to defendant Walter N. Carroll its certain quitclaim deed of that date, in consideration of the payment of said notes by him, and

the satisfaction of said mortgage to be then and there executed by said Twin City National Bank of New Brighton.  The said Alliance Building Company sold and conveyed said premises to said Walter N. Carroll, which deed was thereafter duly recorded in the office of the register of deeds for said Beadle county, on November 12, 1891, in Book 80 of Deeds, page 443, and defendant Walter N. Carroll is now the owner of said premises. ' That said Walter N. Carroll, the Twin City National Bank of New Brighton, the Bank of Volga, and the Equitable Loan & Trust Company knew at the time of the conveyance to each of them, as herein stated, of the construction of building, and the existence of the lien and claim of the lien, and the claim of lien of plaintiffs and defendants A. L. Dean & Co., Noyes Bros. & Cutler, Waibel & Donaldson, William Tolmie, and Isaac H. Raven in and to said premises and claim herein." As a conclusion of law, the court found, in effect, that the plaintiff and the several defendants relying upon liens were entitled to priority in the following order:  W. S. Hill & Co., A. L. Dean & Co., Waibel & Donaldson, Noyes Bros. & Cutler, William Tolmie, Isaac H. Raven, the Equitable Loan & Trust Company—and, in case a surplus should arise from the sale of the property after paying the costs and claims above mentioned, it was found that the owner of said premises, at the time of such sale, was entitled to the same, and judgment was accordingly entered.  This appeal is taken only from the judgment in favor of plaintiff and the defendants A. L. Dean & Co., Noyes Bros. & Cutler, William Tolmie, and the Equitable Loan and Trust Company, and from an order overruling a motion for a new trial.

Pursuing the order adopted by appellant's counsel, the assignments of error pertaining to the defendants W. S. Hill & Co. will first receive our attention.  As fairly disclosed by the evidence, the Alliance Building Company, being indebted to the firm of Fraser & Shepherd for material used in and about the erection and construction of the buildings situated upon the

premises in controversy, for the purpose of procuring an extension of the time of payment, executed on the 6th day of March, 1891, its promissory note, due 60 days after date, for $700, payable to the order of Fraser & Shepherd, by whom it was sold and assigned to the plaintiff herein, three days after the same was executed. It further appears from the evidence that after this note was endorsed by Fraser & Shepherd, and transferred to the plaintiff, and on the 18th day of the same month, Fraser & Shepherd filed the mechanic's lien now under consideration, and, the day following, assigned the same to the plaintiff in this action.

The contention of counsel for plaintiff and respondent to the effect that the evidence fails to show that the note was negotiated prior to the filing of the lien is not sustained by the record. The witness Mr. Jenks testified, on the part of the plaintiff, W. S. Hill & Co., that he was, at the time of the assignment of the note, employed by Fraser & Shepherd in the capacity of bookkeeper, and that he was still so engaged; that he had charge of all bills receivable belonging to said firm, including the note in question; and that said note was assigned to W. S. Hill & Co. on the 9th day of March, 1891, as shown by the books in which he entered and kept an account of whatever disposition was made of any of the bills receivable belonging to said firm. Nathan T. Shepherd, of the firm of Fraser & Shepherd, was present at the trial, and was called as a witness by the plaintiff, W. S. Hill & Co. On the ground that the note was sold and assigned to W. S. Hill & Co. before the lien was filed by Fraser & Shepherd, objections were made to the introduction of the lien in evidence, and to the various questions propounded to the witness with reference to transactions between his firm and W. S. Hill & Co. concerning the sale of the note; and, notwithstanding these objections, the testimony of Mr. Jenks as to the time of the sale and transfer of the note remains undisputed. Had Fraser & Shepherd's bookkeeper been mistaken as to the date of the assignment and

transfer of the note, Mr. Shepherd, by whom the witness was directed to charge the note to the account of W. S. Hill & Co., had an opportunity, while upon the witness stand, to correct the statement; and the absence of conflicting evidence in that regard is, under the circumstances, significant and worthy of consideration in case the assignment of the note before the filing of the lien is a material fact to be considered in determining the rights of the assignee of said note and mechanic's lien.

Each respondent seems to be satisfied with the decree both as to priority of lien and the amount recovered, but it is urged by council for appellant that the taking of the note by Fraser & Shepherd from the Alliance Building Company, and negotiating the same to the plaintiff, before the claim for a lien was filed, constituted a waiver, and destroyed the right to a mechanic's lien, under the provisions of our statute. It appears from the evidence that the extension was granted at the instance and request of the debtor, and that the note was not taken in settlement or payment of the claim, but for the mere purpose of suspending the right to enforce payment by foreclosure of the lien, until the amount liquidated by the note became due; according to its terms. In the absence of an agreement to the contrary, or anything to indicate an intention to discharge the lien, the acceptance by the claimant of the promissory note of the owner for the amount of the claim in no manner affects the right to file a statement and enforce the lien under the provisions of article 1, chapter 31, Comp. Laws. Phil. Mech. Liens, sections 275-277, and numerous cases there cited and summarized.

It appears from the evidence that Fraser & Shepherd purchased the material furnished under their contract with the Alliance Building Company from the plaintiff, W. S. Hill & Co.; and, there being an unpaid balance of something over $700 due from Fraser & Shepherd to W. S. Hill & Co, the $700 note of the Alliance Building Company was endorsed in blank by Fraser & Shepherd, and transferred to W. S. Hill & Co., a few

days prior to the filing of the lien by Fraser & Shepherd, and before the assignment thereof to the plaintiff, W. S. Hill & Co. The question, therefore, to be determined, is whether the lien filed by Fraser & Shepherd can be enforced by the assignee of the note, which was executed and accepted for the purpose of adjusting the amount of the claim, and extending the time of the payment for 60 days from the date thereof, according to its terms. Our mechanic's lien law was designed to protect material men, contractors and laborers, and its provisions should receive a liberal construction, to the end that the intention of the legislature may be carried out, and substantial justice be done to all parties who may be affected by its provisions; and in the absence of any statutory provision restricting the right of assignment, we are unable to see why the claim and lien may not be transferred and payment enforced by the assignee in a suit instituted in his name to foreclose the lien. The contract under which the material was furnished was entered into with reference to the statute by which the lien was created; and if the claim was properly filed, a substantial compliance with the terms of the statute requires the payment of the debt thus secured before the lien can be discharged. Payment to the assignee would satisfy the lien; and, in case of default and foreclosure, the fact that the suit is instituted in the name of the real party in interest, and in compliance with the terms of the statute, in no manner affects the owner of the property.

It is evident that cases often exist in which the claimant and owner are mutually benefited by the assignment of the lien; and the case before us will serve to illustrate the proposition. The Alliance Building Company was disappointed in procuring funds with which to pay Fraser & Shepherd according to the terms of the contract. Fraser & Shepherd were indebted to W. S. Hill & Co., for a portion of the material furnished under that contract. For the apparent purpose of postponing, if not avoiding, the necessity of a foreclosure and the expense and delay incident to litigation of that character, they

extended for 60 days the time of payment by accepting the proposition of the Alliance Building Company, and immediately transferred the note thus secured to W. S. Hill & Co., under an agreement created by the indorsement of the note, by which they promise to pay the same if dishonored, together with interest, according to its recitals; and thus an extension of the amount due W. S. Hill & Co. was procured, and the consideration for the transaction above mentioned was, in effect, a forbearance to sue upon a debt secured by a mechanic's lien.   We are unable to discover a valid reason for holding that the assignment of a debt by a person who is entitled to a mechanic's lien as security therefor is alone sufficient to constitute a waiver of such lien; and the fact that a note was taken, not in payment of the debt, but for the accommodation of the debtor, and transferred under the conditions and circumstances disclosed by this record, has no tendency to create a waiver or discharge the lien while the debt remains unpaid, and the lien may be enforced by the assignee. Kerr v. Moore, 54 Miss. 286; Skyrme v. Mining Co., 8 Nev. 219; Rankin v. Thompson, 7 Colo. 388, 3 Pac. 719; Sweet v. James, 2 R. I. 270; Smith v. Johnson, 2 MacArthur 481; Aiken v. Steamboat, 40 Mo. 257; Morrison v. The Laura, Id. 261; Tuttle v. Howe, 14 Minn. 145 (Gil. 113); Phil. Mech. Liens. *supra.*

In our opinion, the filing of the lien within the statutory time limit, by the parties for the benefit of whom the lien was created, and at a time when their interests required the full protection of the law enacted for their benefit, was a substantial compliance with the requirements of the statute as to notice; and the fact that the note had been, a few days prior thereto, conditionally disposed of, or transferred by an endorsement binding them to pay if the debtor failed, is of no concern to the owner of the property charged with the lien, or to his successors or assigns.   The transfer of the note did not relieve Fraser & Shepherd from paying W. S. Hill & Co. for the material by

which the value of the premises in controversy was largely created, as they were liable upon their indorsement if the maker failed to pay the note at maturity. Neither did such transfer release the Alliance Building Company from liability to Fraser & Shepherd upon the original contract, so long as the note remained unpaid; and to say that a material man, in a case like the present, by assigning his claim, waives his rights, and is precluded from filing an available lien for the protection of himself and his assignee, would be to hold that our mechanic's lien law is not sufficient to provide effectual security to those who, by their labor, skill, and material, have created or enhanced the value of the property, which ought to stand as security until the debt is paid. There are no good reasons for saying that the lien is lost, or that it cannot be enforced by an assignee who has brought the note into court, and offered the same for cancellation. We therefore hold that the negotiation of the note neither defeated nor suspended the right of the claimants and payees therein named to file their lien, and make it available to their assignee or themselves in case they had been called upon to take up the note and enforce the collection of their claim against the Alliance Building Company. Bank v. Schloth (Iowa) 13 N. W. 314; Miller v. Moore, 1 E. D. Smith, 739; Teaz v. Chrystie, 2 Abb. Pr. 109; Clement v. Newton, 78 Ill. 427; Sweet v. James, 2 R. I. 270; 15 Am. & Eng. Enc. Law, 106; Phil. Mech. Liens, 278. In the recent case of Kinney v. Ore Co. (Minn.) 60 N. W. 23, the lien was filed by the assignee after the debt was transferred, but the right of the assignor to make the statement and file the lien after he had disposed of his entire interest appears to be conceded. The court says: "There is no good reason why the right to the lien should not be assignable before as well as after the statement has been filed, and there is an abundance of reasons why, if the right be assigned, the assignee should thereafter take all the necessary steps required to preserve and collect his claim. He must not be put at the mercy of the assignor, who might or might not

choose to make or file the statement.   It is elementary that the assignment of a debt carries with it all the liens, securities, and remedies which the assignor held or might have employed to enforce its payment, in the absence of a statute to the contrary. There has been some quibbling in the courts to avoid the application of this rule where the transfer has been of a claim or demand to which the right of lien attached.   We are not inclined to follow the cases in which application of the rule has been denied."

Still pursuing the order adopted by counsel for appellant, we will pass to the assignments of error which relate to the respondents Noyes Bros. & Cutler.   In that case a note was taken and held for the express purpose of extending the time of payment, at the instance and request of the Alliance Building Company; and the failure to surrender the same at the trial for cancellation was accounted for and excused by evidence establishing the loss of said note while in the hands of their attorney for collection.   That, by merely taking the note, Noyes Bros. & Cutler waived their right to a lien, is the only remaining question so far as these respondents are concerned; and, as that question has received sufficient attention, further discussion is deemed unnecessary.   There is no merit in either objection urged as a ground for invalidating the lien of Noyes Bros. & Cutler.

It is urged by appellant's counsel that respondents Tolmie and the firm of A. L. Dean & Co., respectively, failed to comply with the statute, in that no verified claim for a lien was ever filed by either of these claimants; and we will now consider the assignments of error predicated upon the action of the trial court in permitting, over appellant's objection, the introduction of parol evidence to supply certain omissions appearing upon the face of the papers offered in evidence upon that branch of the case.   As the rules of law governing the Tolmie case apply with equal force to that of A. L. Dean & Co., both may be stated and discussed together.

In order to be effectual as against purchasers or incumbrancers in good faith and without notice, after a specified time, the statute relating to mechanics' liens requires a notice or claim for a lien, verified by affidavit, to be filed by the clerk of the circuit court in the county within which the building or premises sought to be charged are situated; and while the jurat appearing upon the affidavit attached to the claim for a lien filed on the 17th day of August, 1891, by the respondent William Tolmie, has upon it the seal of a notary public, no signature of such officer is attached thereto; and although the jurat appearing upon the affidavit attached to the claim for a lien filed on the 5th day of May, 1891, by the respondent A. L. Dean & Co., bears the signature of a person purporting to be a notary public, residing in the state of Nebraska, no seal nor certificate of authority was affixed thereto; and the contention of appellant's counsel that these notices and claims for a lien are both fatally invalid, and that such defects cannot be cured by the introduction of parol evidence upon the trial, is well supported by authority. In Mill Co. v. McDonald, 5 Wash. 496, 32 Pac. 108, which was an action to foreclose a mechanic's lien, the court says: "The objection to this notice was that the seal of the notary was not attached to the jurat, and this we have held to be necessary. At the trial of the cause the appellant offered to prove that the notice had, in fact, been sworn to; and he argues that this proof should have been received, and given the effect of curing the omission of the notary to affix his seal. This position is untenable. These notices are required to be recorded or filed for record; and, the notice being invalid when filed, no subsequent proof could be made as to any material fact omitted, to render the notice valid, and make it relate back to the time it was filed for record. The lien notice was rightly rejected." From the opinion in Colman v. Goodnow (Minn.) 29 N. W. 338, we quote the following: "Defendants claim that the proof fails to show that a properly verified account and claim for a lien was filed within that time.

A paper purporting to be such claim was filed in the office of the register of deeds on June 25, 1881. The writing also purported to be sworn to before the register, C. W. Fenlason, but the signature of the officer was not authenticated by his official seal. It was received in evidence by the trial court, which finds that at the time of the trial (October, 1882) there was an impression of the seal of the register of deeds immediately at the left of the name of 'C. W. Fenlason, signed to the jurat of the affidavit, but such impression was made and placed there subsequently to the 5th day of August, 1881, and before the trial, but by whom does not appear, but that, when C. W. Fenlason signed the jurat, he used no seal at all in the execution of it;' and it is not shown that the instrument was so authenticated by the seal within the time allowed by law. The court below found the lien invalid, and we see no way of escape from arriving at the same conclusion." We think the defects above mentioned are fatal, and that the admission at the time of the trial of extrinsic evidence to supply the omission was improper. State v. Green, 15 N. J. Law, 88; Bank v. Hinchliffe, 4 Ark. 445; Ladow v. Groom, 1 Denio, 429; Ennor v. Thompson, 46 Ill. 220; Cantwell v. State, 27 Ind. 505; Harty v. Ladd, 3 Or. 353; McDermaid v. Russell, 41 Ill. 489; Hallagan v. Herbert, 2 Daly, 253; Conklin v. Wood, 3 E. D. Smith, 663; Gates v. Brown (Wash.) 25 Pac. 914.

It is therefore evident that the judgment, so far as respondents Tolmie and A. L. Dean & Co. are concerned, must be reversed, unless it should appear from the evidence before us that appellant is not a purchaser in good faith, and without actual notice of the existence of these liens. While there is conflicting evidence in the record upon the question of actual notice, we find that appellant, Walter N. Carroll, testified, in substance, at the trial, that he was a stockholder in the Alliance Building Company, and knew when the building upon the premises was being built, and understood that liens were filed for material furnished; that he bought the property November

12, 1891, subject to any valid liens that might exist, and under-stood at the time that there was a mortgage and some liens against the property. "Q. Did you know that the lien of Mr. Hill was on the premises? A. I may have known that & Co. were one of the lienors. I know that the liens were for mater-ial furnished. I would not be positive that I knew the name. * * * Q. Did you authorize Mr. Schenian to examine the title for you? A. I guess I told him to get an abstract if he got a deed. Q. Didn't you direct him to examine the title as to condition of the liens? A. Well, if I did, it was only in case the deed· was obtained. Q. Did he examine the title of the property? A. I don't know. Q. Didn't you so state in your deposition taken before S. M. Chase, in Minneapolis, on the 30th day of March, 1892? A. I so stated. I supposed that Mr. Schenian had examined the title, but I won't say he exam-ined it. I don't know. He sent me the deed and the abstract, and I inferred from that he examined the title. Q. You testi-fied on that examination: 'The transaction was made through Mr. Schenian, who examined the condition of the title to the property. Mr. Schenian is an attorney of DeSmet, S. D. He was acting in my behalf,'—was your testimony? A. Yes, sir. * * * Q. Your testimony as given at that time was true? A. True, as I mention it now." · It further appears that appellant was the owner of three promissory notes, of $500 each, exe-cuted by the Alliance Building Company in favor of the Twin City National Bank on January 3, 1891; and that in considera-tion for the quit-claim deed dated November 12, 1891, upon which appellant bases his title to the premises in controversy, he canceled and surrendered said notes to the Alliance Build-ing Company.

Article 1, chap. 31, Comp. Laws, provides that "every mechanic, or other person who shall do any labor upon, or fur-nish any material, machinery or fixtures for any building, * * * by virtue of a contract with the owner, * * * shall have for his labor done, or materials, machinery or fixtures

furnished, a lien upon such building. * * *'' But a failure to file the same within the time aforesaid (60 or 90 days, as the case may require) shall not defeat the lien, except as against purchasers or incumbrancers in good faith, and without notice, after the 60 or 90 days, and before any claim for the lien was filed. A mechanic's lien is created under the statute by complying with a contract to perform labor or furnish material, and not by the filing of a claim for such lien; and the same need not be filed at any time in order to retain a lien as against those who are not purchasers or incumbrancers in good faith and without notice; and an unfiled claim for a lien may be enforced as against such person at any time within the statute of limitations. The phraseology of the entire statute upon the subject of liens being unambiguous, the legislative intention is clearly apparent. Section 5488 provides that the owner of a stallion or bull may have a service lien, but, in order to retain the same, a notice of his claim must be filed within 90 days after such service. Sections 5490 and 5491 provide that a person who purchases seed grain for another shall have a lien upon the crop, provided he file his lien within 30 days after the seed grain is furnished. In the last two instances it will be observed that the retention of the existence of the lien depends upon the filing of the same within a specified time; and, if the statute by which a mechanic's lien is created requires interpretation, these sections to which we refer at least suggest that the view we have expressed accords with the intention of the framers of the statute in relation to the effect of an omission to file a machanic's lien within the time provided by law. It fairly appears from the evidence that appellant had actual knowledge of the lien of A. L. Dean & Co.; and, if he was not aware of the Tolmie lien, he knew that liens existed against the property, and procured an abstract, which is presumed to have disclosed the condition of the title; and if he failed, under the circumstances, to examine his abstract, either by himself or his agent or attorney, he neglected an important duty, and

his quitclaim deed, taken subject to all valid liens and in satisfaction of an antecedent debt, is not sufficient, as against the record in this case, to make him a purchaser in good faith, without notice, and enable him to defeat the unfiled liens of these respondents. Subject to the rights of a purchaser or incumbrancer in good faith, without notice, the law has saved a lien to these claimants, although their efforts to file the required statement, verified by affidavit, proved unsuccessful and came to naught. Parker v. Randolph (S. D.) 59 N. W. 722; Noel v. Temple, 12 Iowa, 276; Neilson, Benton & O'Donnell v. Iowa East R. Co., 51 Iowa, 184, 1 N. W. 434; Kidd v. Wilson, 23 Iowa, 464.

As against the claim of the Equitable Loan & Trust Company, appellant sought to interpose the defense of usury; and the ruling of the court in sustaining an objection to the introduction of any evidence in support of that defense, under the allegations of the answer, is assigned as error. It appears from the evidence that on the 15th day of December, 1890, the Alliance Building Company negotiated a loan and executed to the Bank of Voiga its promissory note for $12,000, secured by a mortgage on the premises in controversy, which note and mortgage, by purchase and assignment, became the property of the Equitable Loan & Trust Company, prior to the commencement of this suit, and prior to the date of the quitclaim deed, by which the premises were transferred to appellant, subject to said mortgage indebtedness; and the only question, therefore, presented, is whether the owner of the equity of redemption who buys mortgaged premises subject to the lien thus created, and takes a quitclaim deed thereof, can avail himself of the defense of usury. The law upon the subject of usury was enacted with reference to the interests of the borrower, but there is no law which requires him to avail himself of its benefits. To allow a stranger to interpose the defense of usury to a contract with which the maker is in all respects satisfied, and by the terms of which he desires to abide, and upon

which he is liable for a deficiency judgment, would be exceedingly unfair to a debtor who desires to perform his contract, because he made it, or because he may deem it to be advantageous so to do. So long as the inclination to profit from man's adversity or necessity exists, a law limitating the rate of interest that the loaner may charge the borrower for the use of money will continue to be wholesome and beneficial to society; but common experience suggests many instances in which the borrower may not desire to invoke the protection of the law enacted for his especial benefit. At the time appellant took the quitclaim deed to the premises in controversy, he had both actual and constructive notice of the existence of the mortgage executed by his grantor to secure the payment of a note of $12,000, together with 7 per cent. interest per annum, and he testified that he purchased subject thereto. If respondent's assignor, at the time of making the loan, withheld an amount of money sufficient to constitute usury under the statute fixing the maximum rate at 12 per cent per annum, appellant was not injured, and the fact is of no concern to him. Both appellant and respondent are strangers to the contract which is claimed to be usurious; and, assuming that the answer contains allegations sufficient to set up a usurious contract between the Alliance Building Company and the Bank of Volga, such a defense would not be available to appellant as against the Equitable Loan & Trust Company. To the effect that the plea of usury is so far a personal privilege that appellant and those similarly situated cannot avail themselves of it, we cite the following cases: Cahn v. Bank, 1 S. D. 237, 46 N. W. 185; Pritchett v. Mitchell, 17 Kan. 355; Green v. Kemp, 13 Mass. 515; Perry v. Kearns, 13 Iowa, 174; Conover v. Hobart, 24 N. J. Eq. 120; Draper v. Emerson, 22 Wis. 147; Thomas v. Mitchell, 27 Wis. 414; Loomis v. Eaton, 32 Conn. 550; Reed v. Eastman, 50 Vt. 67; DeWolf v. Johnson, 10 Wheat. 367; Howell v. Ripley, 10 Paige, 43; Studabaker v. Marquardt, 55 Ind. 341; Ready v. Huebner, 46 Wis. 692, 1 N. W. 344.

There being in the record no reversible error, the judgment of the trial court, so far as appealed from, is affirmed.